Dinwiddie et al. *v.* The President and Board of Trustees of the Town of Rushville et al.

Trustees of Towns.—*Election.*—*Inspector.*—*Injunction.*—Where the inspector of an election for town trustees did not, within ten days after said election, or at any other time after said election, over his own signature, certify and file in the clerk's office of the circuit court of the county where the election was held, a certificate certifying the several persons elected at said election, to fill the several offices of said town;

*Held,* that an ordinance passed by the persons so elected gave no authority for an improvement in the town at the expense of the property holders, and that an injunction should be granted on their application.

APPEAL from the Rush Circuit Court.

Worden, C. J.—This was a complaint by the appellants against the appellees to enjoin the making of certain improvements in the town of Rushville, at the expense of the property holders, under an ordinance passed by the corporate authorities.

Demurrer to the complaint sustained, and exception. Judgment for defendants.

There are several grounds stated in the complaint on which the injunction was asked, but we find it unnecessary to examine more than one of them, which of itself was sufficient. The statute on the subject of towns, and the election of the officers thereof, etc., provides, that "it shall be the further duty of such inspectors to make a certified statement, over their own signatures, of the persons elected to fill the several offices in said town, and file the same with the clerk of the circuit court, in the county thereof, within ten days from the day of such election, and no act or ordinance of any board of trustees chosen at such election shall be valid until the provisions of this section are substantially complied with." 1 G. & H. 622, sec. 16.

It is alleged that the inspector of the election (at which the trustees passing the ordinance were elected) "did not, within ten days thereafter, or at any other time since said election, over his own signature, certify and file the same in

the clerk's office of the circuit court of said Rush county, any certificate certifying the several persons elected at said election to fill said several offices of said town, to wit, trustees and marshal."

The language of the statute quoted is quite clear, and does not admit of any construction by which, where its terms have not been complied with, an ordinance can be upheld. As was said in *Stayton* v. *Hulings*, 7 Ind. 144: "Where a statute expressly prohibits a thing, until another has been done, the prohibition cannot be disregarded without judicial legislation." The only doubt we have had on the subject is whether the provision quoted was intended to apply to the first election only, or to subsequent elections also. Upon looking through the statute we find nothing in the context that justifies the conclusion that it was intended to apply to the first election only, but there are some things that indicate an intent on the part of the legislature to make it applicable to all elections.

We must hold that the ordinance is void, and that the improvements are being made without competent legal authority. An injunction in such case is a proper remedy; inasmuch as the title to the plaintiffs' property may be clouded by an apparent lien for the expense of the improvements. The demurrer to the complaint should have been overruled.

The judgment below is reversed, with costs, and the cause remanded for further proceedings.

*F. Bigger*, for appellants.