## PRATT ET AL. *v.* LUTHER ET AL.

TOWN TRUSTEES.—*Filing Certificate of Election.*—Persons elected as trustees of a town have no power to act officially until a certificate of their election has been filed in the office of the clerk of the circuit court.

SAME.—*Sale of Land to Town.*—One trustee of a town, in connection with a partner, contracted with the other trustees to sell to the town a tract of land for a cemetery, and the vendors executed a deed and received orders on the town treasurer for the purchase-money.

*Held*, that the contract was voidable at the election of the vendee. A trustee cannot occupy the double and inconsistent position of vendor and purchaser; and the fact that he may temporarily vacate his seat and decline to act as trustee while his own proposition of sale is pending, does not alter the transaction. It is his duty to act and to give the town the benefit of his unbiassed judgment.

SAME.—*Power to Contract Debts.*—The trustees of towns are prohibited by statute from borrowing money or contracting a debt, except upon the petition of five-eighths of the citizen tax-payers of the town; therefore, a purchase of cemetery grounds on credit, in the absence of such petition, is unauthorized and void.

From the Lake Common Pleas.

*A. L. Osborn, W. H. Calkins*, and *W. A. Woods*, for appellants.

*M. Wood* and *T. J. Wood*, for appellees.

BUSKIRK, J.—This was a proceeding by the appellees against the appellants, to cancel and set aside as fraudulent, illegal, and void, the sale of certain real estate to the trustees of, and in trust for, the town of Crown Point, for a cemetery, and to perpetually enjoin the payment and collection of certain orders or warrants issued by and in the name of said incorporated town in payment for such real estate.

There was issue, trial by the court, a special finding, and proper exceptions.

The facts as found by the court are as follows: " And now again come the plaintiffs, and the defendants, Pratt and Ruschly, by their attorneys, ask that the court find specially the facts and conclusions of law herein. Whereupon the court finds that on the 2d day of May, 1870, the town of Crown Point was a corporation duly organized and existing under the general laws of the State of Indiana, and that the defendants Pratt, Taylor, and Hartrepee, on the day last aforesaid, were elected trustees of said town and entered upon their duties as such trustees, and continued to act and discharge the duties of trustees for said town until the 1st day of May, 1871, when and at which said last date said defendants Adam Schmal, John H. Myers, and Zorah F. Summers were elected, and immediately entered upon the duties of their said office, as the successors of said Pratt, Taylor, and Hartrepee; that no certificate of election of said Pratt, Taylor, and Hartrepee was filed in the office of the clerk of the circuit court of said county until after the election and qualification of their successors.

"That on the 28th day of April, 1871, the said Pratt, Taylor, and Hartrepee, still being and acting as such trustees, entered into a contract; the said Hartrepee and Taylor acting on behalf of said town, and said Pratt acting on behalf of himself and defendant Ruschly, who was his business partner; by which contract the said town was to purchase of the said Pratt and Ruschly, and they were to convey, the land described in the complaint, for the consideration of six hundred and seventy-five dollars, the same to be so pur-

chased by the town and used for a cemetery; and thereupon the said Pratt and Ruschly conveyed the same to the town by a proper deed of conveyance; and the said Hartrepee and Taylor directed and caused orders to be drawn upon the said town treasury for the said purchase price, and delivered to the said Pratt, there being then no money in said treasury, the said orders being the same mentioned in said complaint, and each of the following purport, except as to amount, to wit:

"$50.00      CLERK'S OFFICE, CROWN POINT, INDIANA,
"April 28th, 1871.

"The treasurer of the corporation of Crown Point, pay to Henry Pratt and John Ruschly, or bearer, on account of town of Crown Point.      J. H. HARTREPEE,

"THOS. WOOD, Clerk.      Pres't of Board.

"That there is no evidence of actual fraud or fraudulent intent in said transaction.

"That on the 1st day of May, 1871, said defendants Summers, Schmal, and Myers, were elected successors of the said Pratt, Hartrepee, and Taylor, as aforesaid, and being entered upon their duties, immmediately and in an official capacity disaffirmed said contract of purchase and tendered back to said Pratt and Ruschly a good and sufficient deed for said land, and have hitherto kept the said tender good.

"That at the time of the purchase of the premises aforesaid, the said Pratt and Ruschly were in partnership, and the said land was a part of the partnership assets, having been purchased with partnership funds. That it was held by them by deed running in their individual names, and was unoccupied.

"That the plaintiffs are citizens and tax-payers of said town.

"And the court finds as a conclusion of law thereon, that the said Pratt, being a trustee as aforesaid, had no right to enter into a contract of sale with said town, and that said Ruschly is chargeable with notice thereof; by reason whereof

the said contract of sale and purchase is wholly void and said orders without consideration. To which conclusions of law by the court as aforesaid, and to each and every part thereof, the said defendants Pratt and Ruschly except, and thereupon notify the court of their intention to appeal the case to the Supreme Court on said conclusions of law aforesaid."

It is contended by counsel for appellees that the contract for the purchase of such land, and the issuing of the orders in payment therefor, are void upon three grounds :

1st. That as no certificate of the election of Pratt, Taylor, and Hartrepee as trustees was filed with the clerk of the circuit court of said county, within ten days from the day of the election, no act or ordinance of such board of trustees is valid, but is absolutely void.

2d. That such purchase was void, because Pratt being one of the trustees of said town possessed no power or authority to enter into any contract with such town; and that as such lands were owned and held by said Pratt and Ruschly as partnership property, the said Ruschly was chargeable with notice of the incapacity of the said Pratt to make such contract.

3d. That the board of trustees of said town possessed no power to make such purchase on credit and issue orders for the payment therefor, unless such purchase was made upon the petition of citizen owners of five-eighths of the taxable property of said town, as evidenced by the assessment roll of the preceding year.

We will consider and decide these questions in the order stated.

1st. Did the failure of the inspectors of the election, at which Pratt, Taylor, and Hartrepee were elected, to file a certificate of such election, render their acts as such trustees, illegal and invalid?

It is provided by section 16 of the act for the incorporation of towns, that " it shall be the further duty of such inspectors to make a certified statement over their own signa-

tures, of the persons elected to fill the several offices in said town, and file the same with the clerk of the circuit court, in the county thereof within ten days from the day of such election, and no act or ordinance of any board of trustees chosen at such election shall be valid until the provisions of this section are substantially complied with." 1 G. & H. 622.

As it is conceded that no certificate was filed during the term of office of such trustees, we are not required to decide, and we do not decide, what would have been the effect of filing such certificate after ten days from the day of election.

This is neither a new nor open question in this court. We held, upon mature consideration and after a full oral argument, in the case of *Dinwiddie* v. *The President, etc., of Rushville,* 37 Ind. 66, that all acts done and ordinances passed by a board of trustees before such certificate was filed were invalid and void. Nothing has since been shown to satisfy us that such ruling was wrong. The language of the statute is plain and imperative. We adhere to such ruling.

But it is attempted to be maintained by the learned counsel for appellants, that the filing of the certificate had a retroactive operation and rendered valid acts that were performed before such filing. We are of a different opinion. We do not see how such a construction could be placed upon the statute, as it is expressly provided, that "no act or ordinance of any board of trustees chosen at such election shall be valid until the provisions of this section are substantially complied with." A strict and rigid compliance is not required, but only a substantial compliance. In the case at bar, there was neither a strict nor substantial compliance. There was no compliance at all, for the filing of the certificate after the expiration of the term of office of such trustees could have no effect upon acts previously done. Such filing could not legalize or render valid acts which were illegal and void. No power short of the legislature could give force, effect, or validity to acts that were invalid.

We proceed to consider whether Pratt stood in a position which enabled him to enter into a valid contract with the

corporation. He was one of the trustees of the town, which imposed upon him duties of a responsible and confidential character. There are three trustees. They constitute the board of trustees. When the purchase was made, all three of the trustees were present. Two of them acted for the town, and the other laid aside the robes of office and acted for himself and his business partner. This he had no right to do. An important proposition was pending before the board of trustees, which required the exercise of a sound judgment in determining whether it was necessary to provide a new cemetery, and if it was, then what was the best location. Quite a number of considerations were involved in determining the location; such as the distance from the town, the means of access, and the cost of the land. In determining these questions, the town was entitled to the unbiassed, unprejudiced, and unclouded judgment of all three of the trustees. It was the high and imperative duty of Mr. Pratt to utterly disregard all personal considerations and to consult alone the interest of the town. This he could not do while he occupied the double and inconsistent position of vendor and purchaser. The fact that Mr. Pratt did not assume to act as a trustee in the making of the purchase can not alter the transaction. It was his duty to have acted, and he had no right to place himself in a position which deprived the town of the benefit of his unbiassed judgment. Besides, his position upon the board gave him means of information not possessed by others, and enabled him to exercise an undue influence over the other members of the board. Such a practice would be attended with the most dangerous and pernicious consequences. It would open the door to the grossest frauds. It would impose upon the people unjust and extortionate burdens. It would cause the people to lose confidence in, and respect for, those in authority. Such a practice is against every principle of law, public policy, and sound morals. We do not deem it necessary to enter into an examination of the principles of law applicable to this case, as this has been quite fully done in three recent deci-

sions of this court. *Port* v. *Russell*, 36 Ind. 60; *Lane* v. *Taylor*, 40 Ind. 495; *Simonds* v. *Hoover*, 35 Ind. 412.

In the case first cited, we held that a director of a turnpike company was disqualified from taking a contract for the construction of the road or for furnishing materials for its construction.

In the second case cited, we held that a guardian could not, either directly or indirectly, become the purchaser of the lands of his wards.

In the third case cited, we held that a real estate agent could not act both for the vendor and the vendee. In our opinion, the contract was for the second reason voidable at the election of the appellee, and it having exercised that election by rescinding the order and tendering a deed, the contract cannot be enforced. *Pickett* v. *School Dis. No. One, Town of Wiota*, 25 Wis. 551.

Finally, we come to inquire whether the board of trustees of said town possessed the power to make the purchase upon credit and issue the orders of the town in payment therefor.

The powers and duties of such trustees are created and prescribed by statute, and they must exercise the powers granted in the manner prescribed. The powers of the board of trustees are prescribed by section 22 of an act for the incorporation of towns. The thirteenth enumeration of powers authorizes them "to purchase, lay out, and regulate cemeteries."

The twenty-seventh section of said act reads as follows:

" Sec. 27. No incorporated town under this act shall have power to borrow money or incur any debt or liability, unless the citizen owners of five-eighths of the taxable property of such town, as evidenced by the assessment roll of the preceding year, petition the board of trustees to contract such debt or loan ; and such petition shall have attached thereto an affidavit verifying the genuineness of the signatures to the same ; and for any debt created thereby, the trustees shall add to the tax duplicate of each year successively a levy

Pratt *et al. v.* Luther *et al.*

sufficient to pay the annual interest on such debt or loan, with an addition of not less than five cents on the hundred dollars to create a sinking fund for the liquidation of the principal thereof." 1 G. & H. 626.

The above section is subsequent to the one which defines the powers and prescribes the duties of the board of trustees, and is to be regarded as a limitation upon the powers previously granted. The power is given to purchase, lay out, and regulate cemeteries, but the above section provides that no debt shall be created therefor, except in the manner therein prescribed. When there are funds in the treasury, sufficient to pay for land for such purpose, the board of trustees may make the purchase without consulting the owners of property within such town. The inhibition is not against the purchasing of land for such purpose, but is against the creation of a debt therefor, except in the mode prescribed.

The case of *Ketchum* v. *The City of Buffalo,* 14 N. Y. 356, is a well considered case, and is much in point. The question involved in that case was, whether the common council of the city possessed the power to purchase ground for a public market place on credit. The court held, that if the charter of the city or the general law of the state did not forbid the purchase to be made on credit, the city could purchase market grounds on credit. The court say: "A municipal corporation, therefore, may at common law, unless restrained by some statute, purchase and hold all such real estate as may be necessary to the proper exercise of any power specifically conferred," etc.

Again, the court uses this language: "I think it must be conceded that the city had power to purchase ground for a public market. If so, there is nothing in the charter or general law of the State forbidding the purchase to be made on credit."

In that case, the right to purchase was based upon the common law. In the case in judgment, the right to purchase is given by a positive statute, but such power is

restricted and limited by the prohibition against the creation of a debt, except in the mode prescribed.

It was found by the court that when such purchase was made, there was no money in the treasury, and that the purchase was made on credit, and a debt thereby created against the corporation. But it is not shown that the necessary petition was filed. This was necessary, to confer jurisdiction upon the board of trustees to make the purchase on credit. The twenty-seventh section was intended to create a check upon those entrusted with the taxing power. The provision is a wise one, and should be strictly enforced by the court. *Clark* v. *The Town of Noblesville*, 44 Ind. 83.

We are very clearly of the opinion that, for the three reasons stated, the purchase was unauthorized and illegal, and that the orders issued were illegal and without consideration.

The judgment is affirmed, with costs.

Osborn, J., having been employed as counsel, was absent.

Worden, J.—I concur in the conclusion arrived at, but not in all the reasons given, in the above opinion.