No. 6747.

STROPES v. THE BOARD OF COMM'RS OF GREENE COUNTY.

COUNTY AUDITOR.—*Publication of Tax List.—Public Policy.*—A county auditor, who is also publisher of a newspaper, has no right to publish a delinquent tax list in his newspaper without precedent request from some one representing the county, and compel payment of the value of the work out of the county treasury.

SPECIAL FINDING.—A special finding must contain all such facts as are essential to a recovery, and, where the evidence is not in the record, the presumption is that all the facts are stated in the finding.

CONTRACT.—*Quantum Valebat.*—A recovery for the reasonable value of work done, upon a *quantum valebat,* always presupposes an implied contract.

SAME.—*Public Policy.*—Where there are no parties capable of contracting, or where public policy prohibits a contract, there can not be any kind of a contract, either by express agreement or implication.

From the Greene Circuit Court.

*E. E. Rose* and *E. Short,* for appellant.
*W. J. Baker* and *L. Shaw,* for appellee.

ELLIOTT, J.—The appellant was the auditor of Greene county, and also the publisher of a newspaper at Bloomfield, the county seat of said county, and while auditor published the delinquent tax list in his own newspaper, without making any effort to secure its publication in any other newspaper. He filed a claim against the county for the value of the work done by him in printing the delinquent list, but the commissioners refused to make him any allowance. The appellant did not make any contract with the commissioners; nor, so far as the record shows, did the commissioners at any time request him to undertake the publication of the delinquent list. The publication was made, as we must infer from the special finding, by the auditor of the county, upon his own motion and without request from, or consultation with, any of the officers of the county. We must also infer, from the finding, that there were other newspapers than the appellant's, in which

the publication could have been made; for the statement is, "that the plaintiff made no effort to have said list published in any other newspaper." It is well settled that a special finding must contain all such facts as are essential to a recovery; and where the evidence is not in the record, as in this case, the presumption is that all facts are stated in the finding. The appellant can not, therefore, invoke the aid of any other facts than those contained in the special finding.

The controlling question in this case is, has a county auditor a right to publish a delinquent tax list in his own newspaper, without precedent request from any one representing the county, and compel payment of the value of the work out of the county treasury? We think that upon well settled principles this question must be answered against appellant. In the case of *Pratt* v. *Luther*, 45 Ind. 250, it was held that one trustee of a town can not sell land to the public corporation which he represents. In that case the trustee who attempted to sell did not act with his co-trustees; he temporarily vacated his office, but this the court held, and rightly, did not take the case out of the general rule. In *Pickett* v. *School District No. 1*, 3 Am. Rep. 105, the question here involved was thoroughly discussed and many cases reviewed. In that case the court said: "That inasmuch as it appears that the plaintiff was himself the director of the district at the time the contract was let, and took part as such in the proceedings to let it, it was against public policy to allow him, while holding that fiduciary relation to the district, to place himself in an antagonistic position, and obtain the contract for himself from the board of which he was a member."

There is neither a more wholesome nor a sounder rule of law than that which requires public officers to keep themselves in such a position as that nothing shall tempt them to swerve from the straight line of official duty. Officers ought not to be permitted to place themselves in a position, in which

personal interest may come into conflict with the duty which they owe to the public. The rule which has so long prevailed is eminently just, and there is no reason for relaxing it because the officer who makes the claim is the one having power to award the contract. On the contrary the rule ought, in such a case, to be even the more rigidly enforced.

Appellant's counsel argue that he ought to be allowed the reasonable value of the work done in publishing the list, although an express contract would have been void. Counsel lose sight of one important thing, and that is, that a recovery for the reasonable value of work done, upon a *quantum valebat*, always presupposes a contract. The whole theory upon which recoveries are allowed, where there is no express contract, is, that justice requires that courts declare that a contract exists by implication. Where there are no parties capable of contracting, or where public policy prohibits a contract, there can not be any kind of a valid contract, either by express agreement or by implication.

Judgment affirmed, with costs.