| 86 | 17 |
| 125 | 250 |
| 126 | 282 |

| 86 | 17 |
| 152 | 217 |

No. 9401.

GARDNER ET AL. *v.* HANEY ET AL.

MUNICIPAL BONDS.—*Payable to Bearer.—Negotiable by Delivery.—Sufficiency of Complaint.*—Municipal bonds, payable to bearer, are negotiable by delivery, and in an action thereon the complaint will be sufficient, if it

allege that the plaintiff is the owner and holder thereof, and need not show how he acquired his title thereto.

MANDATE.—*Adequate Legal Remedy.*—*Statutory Rule.*—As a general rule, a proceeding by mandate will not be sustained where the plaintiff has an adequate legal remedy; but, under section 1168, R. S. 1881, a writ of mandate may be issued to any inferior tribunal, corporation, board or person, to compel the performance of an act which the law specially enjoins, or a duty resulting from an office, trust or station.

INCORPORATED TOWNS.—*Bonds for School Buildings.*—*Payment of Interest and Principal.*—*Special Additional Tax.*—*Duty of Trustees.*—*Mandate.*—Under section 4490, R. S. 1881, it is the duty of the trustees of an incorporated town to levy annually a special additional tax sufficient to pay the interest and principal of the bonds of the town issued for school buildings, and falling due; and where it appears that the trustees of the town have failed, neglected and refused to discharge their statutory duty, a writ of mandate is the proper legal remedy.

CONSTITUTIONAL LAW.—*Title of Act.*—*Bonds Legalized.*—Section 4 of the act of March 8th, 1873, authorizing cities and towns to negotiate and sell bonds for the erection and completion of school buildings, which section legalizes and validates such bonds as had been executed under prior statutes, is matter properly connected with the subject expressed in the title of such act, and is a constitutional and valid section.

SCHOOL CORPORATION.—*Incorporated Town.*—*Location of School-House.*—*Validity of Bonds.*—Each incorporated town is by law a school corporation, and, as a rule, the school-grounds and school-houses of such corporation should be located within the corporate limits of the town; but the bonds of such town, negotiated and sold to procure means for the erection and completion of a school-house for the town, are not *ultra vires* and void, merely because such school-house is not located within the corporate limits of such town.

CURATIVE STATUTE.—*Legalizing Elections in Incorporated Towns.*—*Constitutional Law.*—The act of March 13th, 1875 (Acts 1875, Spec. Sess., p. 74) to legalize the acts of boards of trustees and other officers of incorporated towns, where the inspectors of elections have failed to make the return of the election of such officers within the time prescribed by law, was not repugnant to any provision of either the State or Federal constitution, and, as a curative statute, was a constitutional and valid law.

SUPREME COURT.—*Reversal of Judgment.*—When it appears to the Supreme court that there are no errors or defects in the record of the cause which affect the substantial rights of the appellants, and that the merits of the cause have been fairly tried and determined in the court below, under the provisions of sections 398 and 658, R. S. 1881, the reversal of the judgment, in whole or in part, is positively forbidden.

From the Lake Circuit Court.

*A. W. Reynolds, E. B. Sellers, M. M. Sill* and *T. F. Palmer,* for appellants.

*F. Swigart, D. P. Baldwin, Q. A. Myers* and *D. B. Mc-Connell,* for appellees.

HOWK, J.—This suit was commenced by the appellees against the appellants, in the White Circuit Court. The appellees were severally the owners and holders of certain municipal bonds, issued by the incorporated town of Monticello, and the appellants were the town of Monticello, James M. Gardner and others, trustees of the town, the school town of Monticello, William S. Bushnell, trustee of the school town, William R. Harvey, treasurer, and Benjamin Reynolds, marshal, of the town of Monticello. The object of the suit was to compel the appellants, by mandate, to levy a tax of fifty cents on each $100 of taxable property, and $1 on each taxable poll, within the limits of the town, and to collect such taxes and pay the same to the appellees, as the owners and holders of the bonds. Before the cause was put at issue the venue thereof was changed to the Newton Circuit Court, and afterwards to the Lake Circuit Court. There the trial of the cause by the court resulted in a finding for the appellees, the plaintiffs below, and judgment was thereon rendered, as prayed for in their complaint.

In this court the appellants have assigned a large number of supposed errors. Without setting out these errors at length, we will consider and decide the questions discussed by the appellants' counsel, which may seem to us to be fairly saved in and presented by the record. The case is before us on the pleadings, the evidence not appearing in the transcript of the record. We give from the brief of appellants' counsel, as preliminary to the consideration of the questions for decision, the following summary of the appellees' complaint:

" The complaint in substance alleges that on the 29th day of February, 1869, the trustees of the school town of Monticello, under and by virtue of the act of 1867, submitted to the

trustees of the town of Monticello their petition, a copy of which is made part of the complaint, asking the appropriation of $30,000, to be used in the building of a school-house for the use of the public schools of said town; that the trustees of said town did appropriate $30,000 for said purpose; that to raise said sum the trustees of the town issued bonds, payable to different persons, named on the face of said bonds, or bearer; that said bonds bore ten per cent. interest from date, which was evidenced by coupons attached to and made a part of each; that the proceeds thereof were used by the said town of Monticello in and for the payment of and for work and labor and material purchased and used in the construction of a school-house in said town of Monticello; that said bonds were purchased by the appellees before the maturity thereof, for a valuable consideration, and that they are the holders and owners thereof, a copy of each of which is set out in the complaint; that they are all in the same language and figures; that a copy of one is as follows:

" ' *Bond of the Corporation of the Town of Monticello, Indiana.*
" 'No. ———

" ' It is hereby certified that the corporation of the town of Monticello is indebted unto ——————— or bearer, in the sum of one hundred dollars, due and payable ten years after date, with interest at the rate of ten per cent. per annum from date until paid. Interest payable annually, upon the presentation of the proper coupons hereto attached, to the treasurer of said corporation. This bond is made redeemable at the pleasure of the corporation after two years from the date hereof.

" ' This debt is authorized by an act of the Legislature of the State of Indiana, passed and approved March 11th, 1867, entitled "An act to authorize cities and towns to negotiate and sell bonds, to procure means with which to erect and complete unfinished school buildings and pay debts contracted for erection of such buildings, and authorizing the levy and collection of an additional special school tax for the payment of

principal and interest of such bonds," and was prescribed and authorized pursuant in all respects to the provisions of said act, and all other acts thereupon pertaining, by said town, at a regular meeting of the trustees of said corporation, on the 29th day of January, 1869.

"'In witness whereof the president of the board of trustees of said corporation has hereunto set his hand and caused to be affixed the seal of said corporation, this —— day of —— 18—.

{ *Monticello Corporation Seal, White County, Ind.* } R. GREGORY, SAM'L HECKENDOM,
Clerk.          President.

"'[Revenue Stamp.]
"'*Countersigned and Registered.'*

" That all of said appellees are holders of such bonds without notice of any defects or irregularity in the issuing of said bonds, if any existed ; that said corporation received full value thereof, and continued to pay interest for ten years ; that said town is insolvent ; that said bonds are due and unpaid ; that the trustees of said town, the corporation of the school town of the town of Monticello, have failed, neglected and refused to levy or collect the funds to pay off and discharge said bonds ; that Benjamin Ross is the treasurer of said town ; that there is a large delinquency of special school tax of said town, which is applicable to the payment of these bonds, which the treasurer refuses to collect.

" On the 30th day of June, 1880, a supplemental complaint was filed alleging the following facts, which had arisen since the filing of the original complaint : That, since the suit was instituted, William R. Harvey had succeeded Benjamin Ross as treasurer ; that there had been a change in the school trustees and town trustees, and that Benjamin Reynolds had been elected marshal ; that, since the filing of the complaint, a large sum of special school tax had been collected by the treasurer and marshal.

In argument the appellants' counsel say : " In our opinion,

the errors relied on by the appellants, trustees of the town of Monticello, and the town of Monticello, for a reversal of the judgment of the court below as to them, are presented by a discussion of the sufficiency of one of the answers filed by them to the complaint, to which the court sustained a demurrer, for the reason that, if the complaint is not good, the demurrer should have been overruled, even though the answer be bad; a bad answer is good enough for a bad complaint; and if the complaint is good and the answer good, the demurrer should have been overruled. We therefore call the attention of the court to the seventh paragraph of answer filed by the trustees of the town of Monticello and by the town of Monticello to the complaint." In this seventh paragraph of answer to the complaint and writ of mandate, the appellants, the trustees of the town of Monticello, James M. Gardner, Matthew Massena, Milton M. Sill, Samuel B. Bushnell and Richard Ives, and the town of Monticello, alleged in substance, that they admitted that the appellees were the owners and holders of the pretended bonds, made part of their complaint, but that such pretended bonds were void, for the following reasons: That, on the 29th day of January, 1869, a paper was presented to the persons then assuming to be the board of trustees of the town of Monticello, signed by the school trustees of the town, in substance as follows:

"*To the Board of Trustees of the Corporation of the Town of Monticello, White County, Indiana:*

" We, H. P. Anderson and Lucius Pierce, trustees of the school town of Monticello, submit to your honorable body the following report: 1. That the house now owned and used as a public school-house, in the town aforesaid, has become, from decay and age, unfit and unsuitable for the purpose aforesaid, and the trustees have not funds sufficient to build a school-house.

" 2. That it is no longer large enough to accommodate the scholars within said corporate limits, and who are entitled to the benefits of said school.

"3. That it has become necessary, for the reason aforesaid, to build a new and more commodious and healthful building.

"4. That said building, now concluded upon by the undersigned trustees, shall not cost less than $10,000, and may, if necessary, cost more.

"Wherefore your petitioners say, that, in order to build and furnish the building as aforesaid, it will be necessary to raise a large amount of money; wherefore they pray your honorable board to issue bonds of the corporation aforesaid, to an amount not to exceed $30,000, for the purposes aforesaid, and your petitioners will ever pray."

This petition was subscribed by the school trustees and sworn to, before a notary public, on the 29th day of January, 1869, and filed on the same day with the clerk of the town board.

And that no other petition was at any time presented in relation to said subject-matter; and that, on the same day, the board of trustees passed an ordinance, in substance, as follows:

"Section 1. *Be it ordained by the trustees of the corporation of the town of Monticello, White county, Indiana,* That, for the purpose of promoting and advancing educational interests in the town and county aforesaid, said board of trustees do hereby order issued to the school trustees of Monticello, White county, Indiana, twenty thousand dollars' worth of coupon bonds, of the denomination of one hundred dollars each, with interest at the rate of ten per cent. per annum from date, and the interest upon said bonds to be paid by the treasurer of said corporation, at his office in said incorporated town; and said bonds are made redeemable at the pleasure of said corporation after two years, and within ten years after the issue thereof.

"Sec. 2. It is declared that an emergency exists for the immediate taking effect of this ordinance; therefore it shall be in force from and after its passage."

And the appellants further said that no other ordinance was passed by said board, in relation to the issuing of said

bonds; and no other authority was ever given or granted by the board of trustees of said town, or by said town, authorizing the issuing of said bonds; that said pretended ordinance authorized the issuing of said bonds to the school trustees of said town of Monticello; that said pretended bonds were issued in pursuance of said pretended ordinance, and delivered to the school trustees, under and by virtue of such pretended ordinance; that the said school trustees negotiated and sold the said bonds for a sum much less than ninety-four cents on the dollar, all of which facts were well known to the appellees when they purchased said bonds; that the persons assuming to act as the board of trustees of said town of Monticello, at said time, were Samuel Heckendom, William S. Haymond, John Saunders, Augustus F. Howard and Esau Bennett; that said persons pretended to be such trustees by virtue of an election held on the first Monday in May, 1868, but that the inspectors of said election never made a certified statement, over their own signatures, of the persons elected to fill the several offices in said town, nor did they file such certificate of election of any of the persons so acting as such board of trustees, and those persons had no right whatever to act upon any report or petition in relation to the issuing of said bonds, or have anything whatever to do with the issuing of the same; that such pretended bonds and coupons were issued without any petition by the school trustees of said town, and without any ordinance of the board of trustees of the town authorizing the same; that at the time of the issuing of such pretended bonds, and of the sale thereof, the purpose for which they were issued and sold was to raise money to build a school-house, not within the corporate limits of the town; that there was no consideration whatever for the issuing of said bonds; that it was stated and recited in each of the bonds that they were issued and authorized under an act of the Legislature of the State of Indiana, approved March 11th, 1867, and of an ordinance passed by the board of trustees of said town on the 29th day of January, 1869; that, long prior to

the time when any of said bonds were issued, the act under which they were issued was repealed ; that none of said bonds were issued prior to May 22d, 1869 ; that the acts of the pretended board of trustees of said town, in issuing such pretended bonds, were *ultra vires;* that the pretended bonds were issued under and by virtue of a law that had been amended and repealed long before any of the bonds were issued, which fact appears on the face thereof; and that said pretended bonds, for the reasons stated, were illegal and void. Wherefore the appellants prayed that the said bonds might be declared illegal and void, and be cancelled by the order and judgment of the court, and that they recover their costs.

Appellants' counsel claim that the demurrer to this paragraph of answer should have been overruled thereto and sustained to the complaint, " for the reason that the complaint is bad." On this point counsel say : "The complaint is defective, for the reason that it nowhere appears therein how the appellees became the owners of the bonds referred to and made part of the complaint. If they purchased them from the town, it should so appear ; if they are endorsees, that should so appear in their complaint. If they are the notes of the corporation the complaint should allege to whom issued ; if not to them how did they become the owners ? And for a further reason that it is not alleged that the appellees have sued on the bonds or coupons, and procured a judgment against the town thereon. If the appellees had, at the time this suit was instituted, a legal remedy, they can not sustain this action."

Neither of these objections to the sufficiency of the complaint seems to us to be well taken. The bonds described in the complaint were each payable to bearer, and the appellees alleged, as we have seen, that they were severally the owners and holders of certain of such bonds. This was sufficient. Bonds or notes, payable to bearer, are negotiable by delivery merely, and, as against the obligor or maker, it is immaterial, as a question of pleading, how the holders became the owners thereof, or whether they purchased them from the obligor or

maker or from some third person. *Black* v. *Duncan*, 60 Ind.
522. As a general rule, it is true that a proceeding by man-
date will not be sustained when it appears that the plaintiff has
an adequate legal remedy. *Louisville, etc., R. R. Co.* v. *State,
ex rel.*, 25 Ind. 177; *State, ex rel.*, v. *Board, etc.*, 45 Ind. 501.
This is the common-law rule, but it has been modified by
statute, to some extent, in this State. In section 739 of the
civil code of 1852 (sec. 1168, R. S. 1881), it is provided as
follows:

."Writs of mandate may be issued to any inferior tribunal,
corporation, board, or person, to compel the performance of
an act which the law specially enjoins, or a duty resulting
from an office, trust, or station." 2 R. S. 1876, p. 296.

In this case, it does not appear that a suit on the bonds or
coupons, or the recovery of a judgment thereon, would have
been of any advantage whatever to the appellees. On the
contrary, we think, it does appear that their only adequate
remedy, in the case stated in their complaint, was a proceed-
ing by mandate against the town and school town of Mon-
ticello, and the proper officers of those corporations, to com-
pel the levy and collection of taxes necessary and sufficient to
pay off and satisfy their outstanding bonds and coupons.
*Huntington* v. *Smith*, 25 Ind. 486; *Mayor, etc.*, v. *State, ex
rel.*, 57 Ind. 152. Under section 4490, R. S. 1881, in force
March 11th, 1875, the appellants, the trustees of the town
of Monticello, were "authorized and required to levy, annu-
ally, a special additional tax, * * * * sufficient to pay
the interest and principal of said bonds falling due." It was
alleged in the complaint, that the trustees of the town "failed,
neglected and refused" to discharge the plain statutory du-
ties thus required of them, by levying and collecting such
"special additional tax." The appellees' suit, therefore, is
expressly authorized by statute; and their complaint stated
facts sufficient to constitute a cause of action.

The appellants' counsel next inquire, "Are the answers
good? They are substantially the same," they say; but they

" call particular attention " to the " seventh paragraph of an-swer," of which we have already given a full summary in this opinion. Counsel earnestly insist that it is shown by the facts alleged in the appellants' answers, that the trustees of the town of Monticello, in the issue of the bonds described in appellees' complaint, did not comply with the requirements of the act of March 11th, 1867, under and pursuant to the provisions of which act the bonds purported on their face to have been authorized and issued ; and that none of the bonds were issued and negotiated until after the act of March 11th, 1867, had been amended and superseded by a later act, which took effect on May 15th, 1869. It must be confessed, we think, that the allegations of the answers, conceded to be true by the demurrers thereto, show a failure to comply very strictly with the provisions of the statute on the part of the trustees of the school town of Monticello. But it is shown that the bonds in controversy were issued and negotiated pursuant to the acts of March 11th, 1867, and of May 15th, 1869, by the trus-tees of the town of Monticello. To such a case, the provi-sions of section 4 of the act of March 8th, 1873, entitled "An act to authorize cities and towns to negotiate and sell bonds to procure means with which to erect and complete unfinished school buildings, and to purchase any ground and building for school purposes, and to pay debts contracted for such erec-tion and completion, and purchase of buildings and grounds, and authorizing the levy and collection of an additional special school tax for the payment of such bonds," seem to us to be expressly applicable. Section 4 reads as follows :

"All bonds issued, contracts made, and debts created pur-suant to the acts of March 11th, 1867, and May 15th, 1869, relating to the same subject as this act, are hereby legalized and declared valid, and the taxes to pay any such bonds, con-tracts or debts, and the interest thereon, shall be assessed and collected in accordance with this act." Acts 1873, p. 60, *et seq.;* 1 R. S. 1876, p. 345.

Appellants' counsel claim that this section of the statute is

unconstitutional and void, because, they say, the subject of the section is not expressed in the title of the act, nor is it matter properly connected therewith. We do not think the section in question is open to this objection, or repugnant to any provision of the constitution. *Kane* v. *State, ex rel.,* 78 Ind. 103; *Farrar* v. *Clark,* 85 Ind. 449; *Warren* v. *Britton,* 84 Ind. 14.

But "the appellants insist that if this section is held valid it can not apply to such a case as is made by their answers," because it was alleged therein, "that the bonds were issued by the town trustees to raise money to build a school-house, not within the corporate limits of the town." They say: "The acts of March 11th, 1867, and May 15th, 1869, gave them no such powers. If they had no such powers, the bonds could not have been issued pursuant to the acts of 1867 and 1869." The acts in question authorized the town trustees to purchase "any ground" and erect a building or buildings thereon, without specific reference to the corporate limits of the town. As a rule we do not doubt the propriety of the purchase by town trustees, for school purposes, of real estate within the corporate limits of the town; for, under the school laws of this State, the territory of the township, outside of the limits of the incorporated town, constitutes another and different school corporation. *State, ex rel.,* v. *Shields,* 56 Ind. 521. But we are not prepared to say that the bonds of an incorporated town, negotiated and sold to procure means with which to build a school-house, are *ultra vires* and void, merely because such school-house is not within the corporate limits of such town. It has been held by this court that the school township may own and hold a school-house and lot, within the corporate limits of a school town or city; and, in the absence of any statutory prohibition, we know of no good reason why it should not be held that the school town or city may purchase grounds and erect school buildings thereon, adjacent to, but outside of, its corporate limits. *Heizer* v. *Yohn,* 37 Ind. 415; *Reckert* v. *City of Peru,* 60 Ind. 473; *Kent* v. *Town of Kentland,* 62 Ind. 291.

Appellants' counsel also claim that the acts of the town trustees who authorized and issued the appellees' bonds were absolutely void for the reason, as they said, that the inspectors of the town election had failed to make a certified statement, over their own signatures, of the persons elected as the officers of the town, and file the same with the clerk of the circuit court of the county, as by law required. But the legalizing act of March 13th, 1875, was broad enough in its scope and terms, we think, to legalize and validate the acts of the trus- tees of the town of Monticello and the bonds issued by their authority and held by the appellees. In section 1 of this act it was expressly provided : " That the failure of the inspector of any election held in any incorporated town in this State, to make out a certified statement of the persons elected to fill the several offices in said town, over their [his ?] own signature, and file the same with the clerk of the circuit court of the proper county, within the time required by law, shall not in- validate any of the acts of any officer or officers elected at such election, and all and every of their acts shall be taken and considered as valid as if said certified statement had been filed with the said clerk within the time prescribed by law," etc. Acts 1875, Spec. Sess., p. 74. Before the enactment of this legalizing and curative statute, this court held, with much apparent reluctance, that the acts and ordinances of a board of town trustees, before the proper certified statement of their election had been made out and filed, were invalid and void. *Dinwiddie* v. *President, etc.,* 37 Ind. 66 ; *Pratt* v. *Luther,* 45 Ind. 250. But it was competent for the General Assembly, as the supreme and sovereign power of the State, to legalize and validate the acts and ordinances of the trustees *de facto* of the town of Monticello, and this was done, we think, by the aforesaid act of March 13th, 1875.

Upon this subject, in Cooley's Constitutional Limitations, 371, it is said : "The rule applicable to cases of this descrip- tion is substantially the following : If the thing wanting, or which failed to be done, and which constitutes the defect in

the proceedings, is something the necessity for which the Legislature might have dispensed with by prior statute, then it is not beyond the power of the Legislature to dispense with it by subsequent statute. And if the irregularity consists in doing some act, or in the mode or manner of doing some act which the Legislature might have made immaterial by prior law, it is equally competent to make the same immaterial by a subsequent law." This rule has often been recognized and acted upon by this court, in construing and determining the constitutionality and validity of legalizing or curative statutes. *Walpole* v. *Elliott,* 18 Ind. 258—where it was said that " Curative statutes are but a species of retrospective legislation; and retrospective legislation is valid where not forbidden by the Constitution." *Price* v. *Huey,* 22 Ind. 18 ; *Halstead* v. *Board, etc., of Lake Co.,* 56 Ind. 363 ; *Millikin* v. *Town of Bloomington,* 49 Ind. 62. We do not doubt the constitutionality and validity of the curative statute under consideration, in the case at bar.

Finally, it is insisted by the appellants' counsel, as ground for the reversal of the judgment below, that the trial court erred in overruling the demurrer of the appellant William R. Harvey, treasurer of the town of Monticello, to the second paragraph of appellees' reply to the separate answer of the treasurer, Harvey. In his separate answer, the treasurer, Harvey, alleged in substance, that, on May 4th, 1880, he was duly qualified, and took upon himself the duties of treasurer of said town, and had since been acting as such treasurer; that, as such treasurer, he received from his predecessor in office about $2,000, of which sum about $1,700, he was informed, was special school fund of said town, and that he had since received from the town marshal $41.08 of said fund, making in all the sum of $1,741.08 ; that, prior to the issue of the alternative mandate herein, he had made a full report of the amount of moneys received, the amount disbursed by him, and the amount remaining delinquent, to the trustees of said town ; that the moneys collected could be paid

out only by authority of the town trustees, and they had never authorized him to pay out such moneys; that, on May 20th, 1878, the town of Monticello issued its bonds in the sum of $21,000, for the purpose of funding its debt, that is, the pretended debt evidenced by the pretended bonds held by the appellees; that those bonds were then in the hands of divers parties, whose names were unknown to the appellant, Harvey; that the interest, then due on said bonds, amounted to about $2,000; that the holders of such bonds were then demanding of him that he apply the moneys then in his hands in payment of the interest due on the bonds held by them; that the pretended bonds held by appellees, mentioned in their complaint in this suit, were void for the following reasons: That, on January 29th, 1869, a paper was presented to the persons then assuming to be the board of trustees of the town of Monticello, a copy of which was therewith filed, and that no other petition was at any time presented in relation to that subject; that, on the same day, the board of trustees passed an ordinance, a copy of which was therewith filed, and that no other ordinance was passed by said board in relation to the issuing of such bonds; that no other authority was ever given or granted by such board of trustees, authorizing the issuing of such bonds; that the persons assuming to act as such board of trustees, at that time, were certain named persons; that such persons pretended to be such trustees, by virtue of an election on the first Monday of May, 1868, but that the inspectors of such election never made a certified statement, over their own signatures, of the persons elected to fill the several offices in said town, nor did they file the same with the clerk of the circuit court of White county, within ten days after such election, nor had they ever made or filed such certificate of election of any of the persons named as acting as such board of trustees, and they had no right whatever to act as such board, and no other board ever did act, or attempt to act, upon any report or petition in relation to the issuing of such bonds; that the pretended bonds

and coupons, in the complaint mentioned, were issued with-
out any ordinance of any board of trustees authorizing the
same ; that, at the time of the issue and sale of such pretended
bonds, the purpose of such issue and sale was to raise money
to build a school-house not within the corporate limits of the
town of Monticello; that there was no consideration what-
ever for the issue of such bonds; that it was recited in each
of the bonds that they were authorized and issued under the
act of the Legislature of this State, of March 11th, 1867 ; that
long prior to the issue of any of such bonds, the aforesaid act
was repealed; that the acts of such board of trustees, in the
issue of such pretended bonds, were *ultra vires*; and that each
and all of such pretended bonds were illegal and void.
Wherefore, etc.

It will be seen from the foregoing summary of his answer,
that the appellant Harvey, as town treasurer, stated substan-
tially the same matters as his defence to appellees' action as
were pleaded by the town trustees and town in the seventh
paragraph of their answer.    These matters we have already
considered, and have reached the conclusion that they consti-
tuted no sufficient defence for the town or its trustees.    Nor
did they, we think, constitute any valid defence for the appel-
lant Harvey, as treasurer of the town.    As we have seen, the
election of the town officers of the town of Monticello, and
the bonds issued by such town, were subsequently legalized
and validated.    The only allegation in the answer of Harvey,
treasurer, not heretofore considered, was the allegation that
the moneys collected and in his hands for the payment of
such bonds and coupons, could only be paid out by him, as
treasurer, by authority of the town trustees, and they had never
authorized him to pay out such moneys.    It is very certain,
we think, that these facts were not sufficient to constitute a
bar to the appellees' action.    On the contrary, the facts alleged,
conceding their truth, seem to us to afford additional reasons
for the issue of a mandate as prayed for in appellees' complaint;

for the answer admitted that the respondent Harvey, as treasurer of the town, had funds in his hands applicable to the payment of the bonds and coupons; but it was claimed that the town trustees had never authorized the application of such funds to such payment, and that he, as such treasurer, could not make the application without such authority. To this claim of the treasurer the appellees replied in the second paragraph of their reply, setting out the ordinance of the town under which the bonds were issued, wherein it was provided that "the interest upon said bonds is to be paid by the treasurer of said corporation, at his office in said incorporated town." The treasurer needed no other warrant or authority than this ordinance, we think, for the application of the funds in his hands to the payment of the interest on the bonds. It follows, therefore, that the second paragraph of the reply was sufficient.

So, we may say, also, in regard to the separate answer of the appellant Harvey, as town marshal of Monticello. Appellants' counsel admit that "the facts alleged therein are substantially the same as in the answer of the trustees of the town and the town." Those facts we have already fully considered, and have reached the conclusion, that, under the law applicable thereto, they constitute no valid or sufficient bar or defence to appellees' action.

From a careful examination of the record of this cause, and upon due consideration of the able and exhaustive briefs of counsel, we are of the opinion that there is no error or defect in the pleadings or proceedings which can be said to "affect the substantial rights" of the appellants. In such a case, the code requires the affirmance of the judgment below. Code of 1852, section 101; sections 398 and 658, R. S. 1881.

The judgment is affirmed, with costs.