No. 9961.

LUCAS v. THE STATE, EX REL. SCHOOL TOWN OF WAYNE-
TOWN.

SUPREME COURT.—*Demurrer.*—*Record.*—*Bill of Exceptions.*—In reviewing a ruling upon a demurrer, the Supreme Court can consider the pleading only as it appears in the record; and if, after the ruling, the court permitted an amendment, the error of so doing, if error it was, should be shown by a bill of exceptions.

TOWN.—*School Trustees.*—*Election.*—*Legalizing Act.*—*Statute Construed.*—*Curative Act not Prospective.*—The act of March 13th, 1875, entitled "An act to legalize the acts of boards of trustees," etc., "where the inspectors of elections have failed," etc., is retrospective and curative only.

SAME.—*Town Treasurer.—Action.—Defence.—School Corporation.*—It is no defence to an action by a school corporation to recover its moneys of one who had intruded unlawfully into the office of treasurer of the corporation, that another is unlawfully holding that office.

From the Montgomery Circuit Court.

*E. C. Snyder, G. D. Hurley* and *B. Crane,* for appellant.

*G. W. Paul, J. E. Humphries* and *A. D. Thomas,* for appellee.

WOODS, C. J.—The appellee recovered judgment against the appellant for money alleged to have been received by the appellant for the use of the school town, and converted by the appellant to his own use.

The overruling of a demurrer for want of facts to the complaint is the first error presented.

The objection made to the complaint is, that the action should have been brought in the name of the State, on the relation of the school town, but that when the ruling on the demurrer was made the complaint was in the name of the school town as plaintiff.

As copied into the transcript, the complaint is by the State, on the relation of the school town, and, in considering the ruling on the demurrer, this court can not look beyond the face of the pleading as it appears in the record.

If the fact be, as counsel claim and as the order-book entries indicate, that after verdict, and pending the motion in arrest of judgment, the court permitted an amendment whereby the State was made the plaintiff, the question whether the court, in permitting the amendment, exceeded its proper discretion, is not saved for want of a bill of exceptions.

The next ruling complained of is the overruling of the demurrer to the second paragraph of reply. Counsel for the appellant concede that this ruling was in accord with the decision delivered in *Dinwiddie* v. *President, etc.,* 37 Ind. 66, and was right, unless the act of March 13th, 1875, Acts 1875, Spec. Sess., p. 74, is prospective as well as curative in its effect. We are of opinion that that act must be regarded as

retrospective and curative only. The title is, "An act to legalize the acts of boards of trustees," etc., " where the inspectors of elections have failed," etc. This makes it impossible to give the act a prospective force.

Our conclusion upon this point makes it unnecessary to consider the argument made upon the' motion for a new trial, further, at most, than to allude to one point. It is contended that the same reason which made the election of the appellant as school trustee void operated to invalidate the election of a treasurer to the board of school trustees to take the place of the appellant, because that election was participated in by a trustee, whose election by the same rule was also invalid. Conceding, without deciding, this to be so, it does not help the appellant, who, if not himself the lawful treasurer, can not resist the plaintiff's action to recover the money belonging to the school board, on the plea that another is assuming without right to act as such treasurer. The action is on the relation and for the use of the corporation itself, not of any alleged officer.

Judgment affirmed.