Trittipo v. Morgan.

No. 11,571.

TRITTIPO v. MORGAN.

QUIETING TITLE.—*Trial by Jury.*—In a suit to quiet title under the statute, trial by jury must be had if demanded, the action being a creature of the statute and not existing prior to June 18th, 1852.

SAME.—*Will.*—Where a will is a link in a chain of title in question, it is admissible in evidence in support of such title.

SPECIAL VERDICT.—If a special verdict do not find facts sufficient to establish the issue in favor of the party having the burden, judgment goes against him.

From the Hamilton Circuit Court.

A. F. *Shirts,* G. *Shirts* and W. R. *Fertig,* for appellant.

D. *Moss,* R. R. *Stephenson* and H. A. *Lee,* for appellee.

ELLIOTT, J.—The appellant and the appellee both claim title to the same parcel of land and both claim through the same grantor, John Humble, and both assert title and seek to have it quieted, the former by his complaint and the latter by his counter-claim.

The appellant demanded that the cause should be tried by the court; this request was denied and the cause submitted to a jury for trial. This ruling is here vigorously assailed. The contention of the appellant is, that the issue joined in an action to quiet title prior to June 18th, 1852, was one of exclusive equitable jurisdiction, and under the act of 1881 such an issue must be tried by the court.

It is no doubt true that our statutory action to quiet title combines and enlarges the equity proceedings known as bills of peace and bills *quia timet.* *Ragsdale* v. *Mitchell,* 97 Ind. 458; *Farrar* v. *Clark,* 97 Ind. 447; *Green* v. *Glynn,* 71 Ind. 336; *Farrar* v. *Clark,* 85 Ind. 449.

The principles upon which our statutory action is founded are derived from the doctrines of the courts of equity, but these principles are moulded into a new form by the statute. New features are added to the old remedies, a different method of procedure is provided, and an essentially new character is

impressed upon the proceeding.  As the proceeding now exists it is essentially the creature of statute, although the principles upon which it is founded are borrowed from the doctrines of the courts of chancery.  The statute itself recognizes the proceeding as a new remedy created by the Legislature, for it specifically prescribes rules for the government of actions for the recovery of possession of lands, and, after providing that "An action may be brought by any person either in or out of possession," "for the purpose of determining and quieting the question of title," declares that the rules prescribed for the government of actions to recover possession shall apply to actions to quiet title.  R. S. 1881, secs. 1070, 1071.  We think it clear that the issue joined in the statutory action to quiet title can not be said to be one that was exclusively of equitable jurisdiction under the law as it existed prior to June, 1852.  The truth is that prior to the enactment of our statute, there was no such issue either at law or in equity as that which the litigants arrive at in the present action to quiet title to real property.  The issue is such as the statute creates, and not such as existed under the doctrines of the courts of equity.

Our statutory action for the recovery of real property is intended to substitute for the old action of ejectment, with its cumbersome machinery and useless fictions, a simple and more sensible proceeding, that will give a direct road to the merits of the controversy.  It clearly contemplates a trial by jury, and the provision to which we have referred makes the same rule applicable to actions to quiet title.  The provisions upon the subject of quieting title and recovering possession are too closely interwoven to be separated.

The will of John Humble was one of the links in the chain of the appellee's title, and for this reason was properly admitted in evidence.  A deed, will, or other instrument, which forms one of the links in a party's title, is, it is quite clear, competent evidence in support of the title asserted by him.

The material facts embodied in the special verdict are these:  In 1855 John Humble owned the land described in

the complaint and counter-claim, and in that year sold nineteen acres adjoining it to Andrew J. Trittipo, but, by the mistake of the scrivener who prepared the deed, the land now in controversy was embraced in it. This land was not sold by Humble, nor did he intend to sell it; Andrew J. Trittipo never derived title to it, and never claimed to be the owner, although he resided in the immediate neighborhood. Prior to his death Andrew J. Trittipo conveyed all of his land to the appellant Samuel Trittipo. The lands, here the subject of controversy, were not specifically described, but were embraced in a general clause of the deed, reading thus: "All the lands owned by the said Andrew J. Trittipo in sections two and three." John Humble retained possession of the land described in the pleadings and exercised dominion over it until the time of his death, and in his last will devised it to his wife for life, with remainder in fee to his children. By purchase from the devisees the appellee acquired title.

The burden of the issue was on the appellant, and unless the facts stated in the special verdict show title in him he can not complain that judgment was entered against him. The settled rule is that a judgment can not go upon a special verdict in favor of the party who has the burden, unless the facts stated are such as entitle him to judgment. If there are not facts sufficient to authorize a judgment in his favor, he will fail. *Pittsburgh, etc., R. R. Co.* v. *Spencer*, 98 Ind. 186; *Vinton* v. *Baldwin*, 95 Ind. 433; *Dodge* v. *Pope*, 93 Ind. 480; *Dixon* v. *Duke*, 85 Ind. 434; *Ex Parte Walls*, 73 Ind. 95; *Stropes* v. *Board, etc.*, 72 Ind. 42.

In an action to quiet title the plaintiff, as the statute expressly provides, must recover on the strength of his own title. R. S. 1881, secs. 1057, 1071. It was indispensably necessary for the appellant to possess title, and, according to the special verdict, he never possessed or acquired title. His grantor, Andrew J. Trittipo, did not take title, for the reason that the description of the land was embodied in the deed by mistake, and the general clause in the deed upon which the appellant

relies as vesting title to the land in dispute only professes to convey such lands in sections two and three as the grantor owned. As the grantor did not own the land in dispute his deed did not convey it. It can not be inferred that Andrew J. Trittipo intended to convey land that he did not own.

In order to acquire title to land described in such general and indefinite terms as those employed in the clause of the deed which we have quoted, it is necessary for the claimant to prove that his grantor was actually the owner of the land. As such a description operates only upon lands actually owned by the grantor, the only way in which it can be made effective is by evidence that it was owned by him at the time the conveyance was executed. The special verdict before us, instead of finding this fact affirmatively, decisively negatives its existence. As between the parties to the deed, and in cases where the land owned by the grantor is intended to be conveyed, such a description is sufficient, for the reason that it supplies means of making the description certain. *Leslie* v. *Merrick, ante,* p. 180. But, even in such a case, it is necessary to establish the fact that the land claimed was owned by the grantor, and that the deed was intended to operate upon it. We decline to disturb the verdict upon the evidence.

Judgment affirmed.

Filed Jan. 3, 1884.