No. 12,165.

JENNINGS v. FISHER.

TOWN.—*Election of Trustees.—Delay in Filing Certificates of Election by Inspectors.—Filing After Time Limited by Law.—Effect on Acts of Board.—Statute Construed.—Street Improvements.— Cases Overruled and Distinguished.—At a

town election for 1881, and also for 1882, held in May of each year, certain persons were elected town trustees, but the certificates of their election were not filed by the inspectors with the clerk of the circuit court until July 9th, 1883, although the statute (section 3309, R. S. 1881) provides that such certificates shall be filed within ten days from the day of the election, and that "no act or ordinance of any board of trustees chosen at such election shall be valid until the provisions of this section are substantially complied with."

*Held,* that the effect of the filing of the certificates on June 9th, 1883, was to legalize and validate, from their inception, ordinances and contracts for street improvements previously made by the board of trustees of such town, and to authorize the recovery of assessments thereunder. *Dinwiddie* v. *Board, etc.,* 37 Ind. 66, distinguished, and *Town of Ligonier* v. *Ackerman,* 46 Ind. 552, and *Pratt* v. *Luther,* 45 Ind. 250, overruled so far as they conflict with this opinion.

From the Henry Circuit Court.

*C. S. Hernly* and *S. H. Brown,* for appellant.

*J. M. Morris* and *C. C. Perdiew,* for appellee.

HOWK, J.—This was a suit by the appellant Jennings to recover the amount assessed against a certain lot owned by appellee Fisher for the improvement of Martin street, in the town of Newcastle, in Henry county. The cause was put at issue and tried by the court, and, at the appellee's request, the court made a special finding of the facts, and thereon stated, as its conclusion of law, that the appellant was not entitled to recover. Over appellant's exceptions to its conclusion of law, the court rendered judgment against him for the appellee's costs.

In this court, several errors have been assigned by the appellant, but of these we will consider only the error assigned upon the court's conclusion of law, as it presents the case fairly, as well for the appellee as for the appellant.

The court found the facts of the case to be, in substance, as follows:

"1. That Newcastle is and for twenty years has been an incorporated town, under the statutes of the State of Indiana.

"2. That, at the annual election held on the first Monday

of the month of May, in the year 1881, Joseph M. Brown, George Brenneman and Simon P. Jennings were chosen to serve for two years, and said Ferris, Pence and Thompson for one year.

"4. That afterwards, at the annual election held on the first Monday in May, 1882, Caleb C. Perdiew, Thomas N. Gronendyke and John F. Thompson were duly elected trustees of said town.

"5. That the inspectors of the town election, for the year 1881, did not file a certificate of the election held that year with the clerk of the Henry Circuit Court, until the 9th day of July, 1883, at which time they also filed the certificate of the election of said town of the year 1882, but they, the persons named above, discharged the duties of their said offices, and were recognized as constituting the board of trustees of said town from the time of the said election held in 1881, until after making the contract hereinafter mentioned.

"6. That, at the meeting of such board of trustees, held on the 6th day of July, 1882, a petition was presented, signed by a majority of all the resident owners of the lots fronting on Martin street, lying between Broad street and the north line of Clay street, in said town of Newcastle, the same being more than one square in length, asking that the same be graded and gravelled and improved under the direction of said board; and that, pursuant to the said petition, the said board passed an ordinance ordering the improvement of said street as prayed for, and, after duly advertising for bids, awarded the contract, which was reduced to writing and signed, for the improvement of the same, to the plaintiff, Levi A. Jennings, upon the following terms, to wit: That the said street was to be graded in accordance with the ordinance establishing the grade, and was to be improved with good, clean, coarse gravel, twelve perch to the rod, eight perch to be put on the street and two perch on each sidewalk, to be evenly spread on the graded surface of said street and sidewalk, the gravel to be ten inches deep in the center of said street, and

to a point ten feet each side of the center of said street to be five inches deep, and to feather from said points to the edge of the gutters; said work to be done to the satisfaction and acceptance of the board of trustees of said town. The said contractor to be allowed for said work, for cutting seventeen and three-quarters cents per cubic yard, the same to be collected from the property-owners fronting and abutting on said street, except at the street and alley crossings.

"7. That, pursuant to said contract, the plaintiff herein proceeded to do said work, and complied with the contract in all particulars as to the grading, but, as to the gravelling, he did not use the kind required by the contract, but used an inferior quality, the same being mixed with sand and fine gravel.

"8. That the defendant lived upon said Martin street, and saw the said work as it was progressing, and neither objected nor consented thereto.

"9. That, at the time of the letting of said contract and the doing of said work, the defendant herein was the owner of the lot described in the complaint, the same having a frontage of one hundred and thirty-two feet upon said Martin street; and afterwards, to wit, on the 11th day of October, 1882, upon the report of the engineer of said town that the said improvement of said Martin street had been completed between the points named, in accordance with the terms of said contract, the said board accepted the same, and estimated and assessed against the lot of the defendant herein the sum of $109.56, the same being the proportionate part thereof of the cost of said work, properly assessable against said lot; that the defendant herein has never paid for any part of said improvement, except the sum of three dollars credited to him by the plaintiff herein, for work done upon the said street.

"10. That the assessment against the defendant's lot amounted to eighty-three cents per front foot, and the difference between the value of the work as done by the plaintiff, and what it would have been if done as required by the con-

tract, amounted to twelve and one-half cents per front foot on each side of said Martin street, making a difference of $16.50 in favor of defendant herein.

"As a conclusion of law upon the foregoing facts, the court is of the opinion that the plaintiff is not entitled to recover, for the reason that no certificate of the election of the board of trustees was filed in the office of the clerk of the Henry Circuit Court prior to the letting of said contract."

It is manifest that the trial court rested its conclusion of law in this case upon the provisions of section 3309, R. S. 1881, in force since March 10th, 1873. In so far as applicable to this case this section provides as follows : "And it shall be the further duty of such inspectors to make a certified statement, over their own signatures, of the persons elected to fill the several offices in said town, and to file the same with the clerk of the circuit court in the county thereof, within ten days from the day of such election. And no act or ordinance of any board of trustees chosen at such election shall be valid until the provisions of this section are substantially complied with."

The decision of the court below proceeds upon the theory that the action and proceedings of the board of trustees, in relation to the improvement of Martin street, were absolutely void, because, prior to the passage of the ordinance and the letting of the contract for such improvement, the certificates of election of the board of trustees had not been filed with the clerk of the Henry Circuit Court. We are not inclined, however, to adopt this theory. The court found as a fact that the certificates of the town elections for the years 1881 and 1882 were filed by the inspectors of such elections with the clerk of the Henry Circuit Court, on the 9th day of July, 1883. This was more than six months prior to the commencement of this action. Under a fair construction of the statutory provisions above quoted, the effect of such filing of the certificates of the town elections was to legalize and vali-

date the ordinance of the board of trustees for the improvement of Martin street, from the time of its passage, and the contract of the board with the appellant, for such street improvement, from the time of its execution. The ordinance and contract of the board of trustees were not valid until the certificates of the town elections were filed with the clerk of the Henry Circuit Court; but when such certificates were filed, such ordinance and contract became legal and valid from the time of their inception, and not merely from the date of such filing. This seems to us to be the only just and reasonable construction of the section of the statute we are now considering; and it is manifest that any other construction of the statutory provision quoted than the one here given might, and, perhaps, would prove disastrous in its results, not alone to the town of Newcastle, but to many other incorporated towns within this State.

Upon the point under consideration this case can be easily distinguished from *Dinwiddie* v. *Board*, *etc.*, 37 Ind. 66, for in the case cited it appeared that the inspectors of the town election had not, at any time, filed with the clerk of the proper circuit court the certified statement of such election required by the statute. But it must be conceded that the construction we have placed upon the statutory provisions quoted can not well be reconciled with some of the expressions used in the opinions of the court in *Town of Ligonier* v. *Ackerman*, 46 Ind. 552 (15 Am. R. 323), and *Pratt* v. *Luther*, 45 Ind. 250. The cases last cited, so far as they may be in conflict with the case in hand, must be regarded as overruled.

Upon the facts specially found, we think the court should have stated as its conclusions of law, that the appellant was entitled to recover the full amount of his assessment against the appellee and his lot, less the sums due the latter for work done and for the difference in value between the material contracted for and that actually used in the construction of the street, with the proper computation of interest.

The judgment is reversed, with costs, and the cause is re-

manded, with instructions to the court to set aside its conclusion of law, and in lieu thereof to state its conclusion of law in accordance with this opinion, and render judgment accordingly.

Filed Sept. 22, 1885.