Nov. Term,
1856.

BOWMAN
v.
CONN.

BOWMAN *v.* CONN.

A parol contract to sell and and deliver, at 60 dollars per tun, whatever broom-corn should be raised in 1853 on twenty-five acres of land, is within the Statute of Frauds and void.

Our Statute of Frauds is substantially that of *Charles* II.; and with the statute, the courts generally adopt the *English* construction of it.

Nov. Term, 1856.

BOWMAN
v.
CONN.

Tuesday, November 25.

APPEAL from the *Decatur* Circuit Court.

STUART, J.—The complaint alleges that *Bowman* contracted with *Conn* for whatever broom-corn should be raised in 1853 on twenty-five acres of land. The crop was to be delivered in merchantable condition at *Madison*, in the quantity of a tun every two weeks, at the rate of 60 dollars per tun, payable upon delivery.

The breach assigned is a failure to deliver.

*Conn* answered in separate paragraphs, the one denying generally the undertaking, the other setting up the Statute of Frauds—that there was no memorandum in writing signed by the contracting parties, or by their authority, and no earnest given to bind the bargain. Issue on the first paragraph, and demurrer to the second, assigning for cause that it did not state facts sufficient to constitute a defense.

The demurrer was overruled. The plaintiff refusing to plead over, there was final judgment for the defendant. *Bowman*, the plaintiff below, appeals.

The only question is whether the contract was within the Statute of Frauds.

The cases cited by counsel do not seem to be in point. They relate chiefly to contracts for articles to be manufactured, where personal skill and labor were yet to be bestowed. It is not necessary to examine them critically. A case upon a similar state of facts must far outweigh many decisions which afford only the light of analogy more or less remote. There are elements in a contract for a future crop, which do not pertain to a contract for the manufacture of a wagon or other article resulting from the application of skill and labor combined.

The case of *Watts* v. *Friend*, 10 Barn. and Cress. 446, is more directly in point than any we have met. There, the agreement was that one party should supply the seed and the other the land to cultivate a crop of turnip seed. The owner of the land was to sell and deliver the crop of turnip seed thus produced, at twenty shillings a bushel. Averment that the plaintiff furnished the seed, the defendant sowed it and harvested the crop,

but wholly refused to sell and deliver, &c.   It appeared on the trial that the crop produced was 240 bushels, worth £246; and this, it was urged, brought the contract, which was verbal only, within the 17th section of the *English* Statute of Frauds.   In that section the sum of £10 is used where 50 dollars is specified in the 7th section of our Statute of Frauds.   R. S. 1843, p. 590.   The Court held that this contract was within the statute and void.

Our Statute of Frauds is substantially that of *Charles II.*, *supra.*   With the statute the courts generally adopt the *English* construction of it as good authority.   4 Ind. R. 461.   In that light the judgment below is correct.

*Per Curiam.*—The judgment is affirmed with costs.

*J. S. Scobey* and *W. Cumback*, for the appellant.

*O. B. Hord*, for the appellee.