Henderson v. Dickey.

---

No. 8270.

## HENDERSON v. DICKEY.

PRACTICE.—*Bill of Exceptions.*—On the 15th of February, 1879, the court granted sixty days time for the filing of a bill of exceptions, and the bill was filed April 18th, 1879. This was too late, and consequently the bill can not be recognized as a part of the record.

SAME.—*Special Finding.*—A failure of a jury to find affirmatively and specifically on a matter alleged in pleading and in issue, is equivalent to a finding against such allegation.

SAME.—*Verdict.*—A failure to find a fact alleged to have been in evidence, but not embraced within the issues made by the pleadings, does not render the verdict defective.

SAME.—*Mental Incapacity.*—The phrases "of weak mind and feeble understanding" and "feeble intellect and unsound judgment" mean substantially the same thing. There is not sufficient difference between them to vitiate a judgment.

Henderson *v*. Dickey.

SAME.— *Venire de Novo*.—To authorize a *venire de novo*, the verdict must be so defective that judgment can not be rendered upon it.

SAME.—*Special Finding*.—*Burden of Proof*.—Where there are several issues, and the verdict does not find at all upon some of them, but the finding on the others is definite, the verdict is to be taken as a finding against the party having the affirmative of the issue, as to the issue or issues concerning which it is silent; but if, on other issues found in his favor, the successful party is entitled to judgment, a *venire de novo* should not be granted. It is enough if one valid defence to the entire action is found in the defendant's favor.

From the Tipton Circuit Court.

*H. D. Thompson* and *G. M. Ballard*, for appellants.

*M. S. Robinson* and *J. W. Lovett*, for appellee.

NEWCOMB, C.—Edgar Henderson, as assignee of J. M. and G. M. Overshimer, sued the appellee upon a promissory note for $300. During the progress of the cause the note was assigned by Henderson to James M. Overshimer, and an agreement was entered of record that the proceedings should be continued in the name of Henderson, for the benefit of his assignee.

The defendant answered: 1. A general denial; 2. That, at the time of the execution of the note, the defendant was a person of unsound mind; 3. That the note was given without any consideration; and a 4th answer as follows:

"And, for a fourth and further answer herein, defendant admits the execution of said note, but says that he, the defendant, was a person of weak mind and judgment; that the original payees of said note were the owners of a certain patent-right, known as a hog trap; that Joseph Stephenson and Thomas Shannon, then and there being the agents of the payees of said note, and having full authority to make and execute contracts for them, knowing that defendant was of weak mind and incapable of attending to business, and that he would, and did, rely upon their, said Stephenson and Shannon's, statements concerning the same, falsely and fraudulently represented to defendant that said patent-right for

said hog trap was of great value, and that they had sold traps to every farmer they went to ; that they had sold fifty of said traps in Boone township, Madison county, Indiana, and had, in addition thereto, sold the right to sell said traps in said township for $250 ; that several of his neighbors, to wit, George Ross, Samuel Dickey, Micajah Francis and others, had contracted for and bought said traps ; that all to whom they had sold the right of territory were making and had made money out of the same ; that the right to sell said traps in the county of Miami and State of Indiana was worth $300, and that defendant could sell said traps in said county to any farmer of good financial standing ; that the traps could be manufactured for two dollars and fifty cents apiece, and would sell readily for ten dollars apiece, all of which statements were false, as the said Stephenson and Shannon then and there knew ; but the defendant being of weak mind and unsound in judgment, and not knowing said statements to be false, but believing them to be true, and depending on the same as true, was induced to and did purchase the right to sell said hog trap in said county of Miami and State of Indiana, and executed the note sued on for said sum ; that the sole and only consideration for said note was the right to sell said trap in said county of Miami, and the further promise on the part of the payees to furnish him a sample trap free of charge, and said note was procured by reason of said false and fraudulent statements aforesaid ; and defendant avers that the right to sell said trap in said county of Miami was not worth anything ; that it cost five dollars apiece to make said traps ; that said payees had not sold traps and territory to the parties as aforesaid, all of which said Stephenson and Shannon well knew, but of which the defendant was ignorant at the time said note was executed ; and defendant further says that said parties failed and refused to deliver to him one of said traps free of charge, ac-

cording to their said contract, though thereunto requested. Wherefore,'' etc.

A general denial was filed to the affirmative answers. The cause was then submitted to a jury, which returned a special verdict, as follows:

''1st. We find that on the 3d day of July, A. D. 1874, the defendant executed to J. M. and G. M. Overshimer the note sued on, which calls for the sum of three hundred dollars, bears interest at ten per cent. from date, and provides for the payment of reasonable attorney's fees in case of suit.'' This clause then sets forth the assignment of the note to Henderson, and by Henderson to James M. Overshimer, in which a minute description of the note is given, and concludes with a statement that the note is unpaid.

''2d. We find that a reasonable attorney's fee for the collection of said note is the sum of $43.

''3d. We find that the consideration of said note was the sale and transfer by J. M. and G. M. Overshimer to the defendant of the right to sell and vend, in the county of Miami and State of Indiana, a certain patented invention known as 'hog trap,' and one of said traps, complete, to be used as a sample by the defendant.

''4th. We find, that, to induce the defendant to execute said note and to purchase said territory for the sale of said trap, the agent of the said J. M. and G. M. Overshimer, who procured the execution of said note, falsely represented to the defendant that Micajah Francis, Jonathan Parsons and George Ross, all of whom were well known to the defendant, had purchased traps, which representations were not true.

''5th. We further find, that, to induce the defendant to execute said note and purchase said territory, the agent of the said J. M. and G. M. Overshimer represented to the defendant that they had sold traps in Boone township, Madison County, Indiana, for two hundred and fifty dollars, and

had sold to other parties other territory, and that all the parties to whom they had sold territory were making money out of it; which representations were false, and made at the time for the purpose of inducing the defendant to exe- cute said note.

"6th. We find, that, to induce the defendant to execute said note and purchase the right to vend and sell said traps in Miami county, Indiana, the agent of J. M. and G. M. Over- shimer represented to the defendant that the right to vend and sell said traps in said Miami county was worth three hundred dollars, and that the defendant could sell said traps to almost any farmer of good financial standing in said county, and could sell one thousand of said traps in said county, which representations were false, and were made to induce said defendant to execute said note.

"7th. We find that the defendant relied upon the repre- sentations aforesaid, which representations the said agents knew to be false at the time of making them.

"8th. We find that the right to vend and sell said traps in Miami county, Indiana, was worth nothing and was of no value.

"9th. We find, that, at the time said false representations were made to the defendant, he was a man of feeble intel- lect and weak understanding, and not capable of understand- ing and acting with discretion in making the contract for the purchase of the right to vend and sell said invention.

"10th. We find that the defendant was sent and confined in the Indiana Hospital for the Insane in the year 1860, for treatment as an insane person, and remained in said asylum for about one year.

"11th. We find that the agent for said J. M. and G. M. Overshimer, at the time of taking the note of the defend- ant, knew that the defendant was a person of feeble intel- lect and weak understanding.

"12th. We find that the defendant made efforts to sell said traps in Miami county, Indiana, and could not sell any of them ; that said efforts were made by said defendant and an employee going to and visiting at least fifty farmers of said county and offering to sell them.

"13th. We find that the defendant had no knowledge of the value of said trap in Miami county, Indiana, when he executed the note sued on.

"14th. We find that said J. M. and G. M. Overshimer failed to furnish said sample trap free of cost to the defendant, but that he was required to give a note therefor for the sum of ten dollars.

"If, from the facts aforesaid, the law is with the plaintiff, then we find for the plaintiff for the amount of the note sued on, and interest thereon at ten per cent. per annum, $438.83, and $48.83 attorney's fees, amounting in all to the sum of $482.16. If, from these facts, the law is with the defendant, then we find for the defendant.

"SAMUEL S. CRAIL, Foreman."

The plaintiff moved for a *venire de novo*, which motion was overruled and he excepted. He then moved for a new trial, on the ground that the verdict was not sustained by sufficient evidence. This motion was also overruled, and the plaintiff excepted. The court held, that, on the facts found by the special verdict, the law was with the defendant, and rendered judgment accordingly. Sixty days time was given the plaintiff to file his bill of exceptions. The appellee makes the point that the bill of exceptions was not filed within sixty days, and that it is therefore improperly in the record. It appears from the transcript, that the order giving said period of time for filing the bill of exceptions was entered February 15th, 1879, and that the bill was filed in the clerk's office April 18th, 1879. This was too late ; consequently the bill of exceptions can not be recognized as a part of the record. *Scanlan* v. *Ayres*, 73 Ind. 211 ; *The*

*Singer Manufacturing Co.* v. *Struckman*, 72 Ind. 601. This leaves for consideration the motion for a *venire de novo* only. The grounds of the motion were as follows :

"1. The special verdict finds less than the matter in issue, in this particular, viz. : The second paragraph of the answer pleads, that the defendant, at the time of the execution of the note, was a person of unsound mind, and the jury in said special verdict do not make any finding on that question and issue, and further fail to find at all upon the weak mind of the defendant, which he puts in issue in the fourth paragraph of his answer ; and the further reason that the plaintiff made his reply offer in evidence the issue and fact that the plaintiff, after the execution of the note in suit by the defendant, offered to rescind said contract, and return said note to defendant, upon condition that defendant would return the deed or assignment of the plaintiff to the territory of said Miami county, and that the defendant refused to do so, and the jury do not find at all upon this fact and issue.

"2. Because the special verdict of the jury is ambiguous, in this, to wit : The defendant, in the fourth paragraph of his answer, pleads that, at the time of the execution of the note in suit, the defendant was a person of weak mind, and incapable of attending to business, and all the jury find upon this issue is, that the defendant, at the time of the execution of said note, was a person of feeble intellect and weak understanding, and not capable of making the contract for the territory of said hog trap, in Miami county, and make no further finding upon this issue.

"3. The finding of the special verdict of the jury is uncertain, in this, to wit : The defendant pleads in the fourth paragraph of his answer, that, on the 3d day of July, 1874, said agent of Overshimer knew he was a person of weak mind and unsound in judgment, and the jury find upon this issue that the defendant at that time was a person of feeble

intellect and weak understanding, and make no other or different finding upon this issue.''

As to the objection to the sufficiency of the verdict, numbered 1, as above, we remark that, if the verdict failed to find that the defendant was of unsound mind when he executed the note, the effect of the verdict was equivalent to a finding against the defendant on that issue. *Graham* v. *The State*, 66 Ind. 386; *Martin* v. *Cauble*, 72 Ind. 67; *Vannoy* v. *Duprez*, 72 Ind. 26; *Stropes* v. *The Board, etc.*, 72 Ind. 42; *Ex Parte Walls*, 73 Ind. 95; *Parker* v. *Hubble*, 75 Ind. 580; and *Jones* v. *Baird, ante*, p. 164. There was, therefore, no ambiguity in the verdict in this particular.

2. That the verdict failed to find a fact alleged to have been in evidence, but not embraced within the issues made by the pleadings, did not render the verdict defective; and, the evidence not being in the record, we can not say that this objection existed.

The objections under the second and third heads we think untenable. The difference between the phrases ''of weak mind and feeble understanding'' and ''feeble intellect and unsound judgment,'' is too intangible to vitiate a verdict. They mean substantially the same thing.

Furthermore, to authorize a *venire de novo*, the verdict must be so defective that judgment can not be rendered upon it, as for a failure to assess damages, or by finding less than the matter put in issue. Buskirk's Practice, 207.

Where there are several issues, and the verdict does not find at all upon some of them, but the finding on the others is definite, the verdict, according to the authorities above cited, is to be taken as a finding against the party having the affirmative of the issue, as to the issue or issues concerning which it is silent; but if, on other issues found in his favor, the successful party is entitled to judgment, a *venire de novo* should not be granted.

In the case in hand, the jury found facts sufficient, that were well pleaded, to sustain the third and fourth paragraphs of the answer, and, if the verdict should be construed as finding against the defendant on the second paragraph, he was still entitled to judgment in his favor on the finding as to the third and fourth paragraphs. It is enough if one valid defence to the entire action is found in the defendant's favor. The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment below be, and it is hereby, in all things affirmed, at the costs of appellant.