Dixon *et al. v.* Duke *et al.*

No. 9741.

## DIXON ET AL. *v.* DUKE ET AL.

REPLEVIN.—*Title.—Contract of Sale.*—An answer in replevin for wheat is good which avers that the only right of the plaintiff to the wheat is conferred by a written contract, as follows: "An article of agreement, made this 25th day of September, 1879, between H. B. and D. The said D. having purchased of H. B. one hundred acres of growing wheat, at its market price per bushel when delivered * * in Kokomo, Ind., to be harvested and cared for in a good husband-like manner, and delivered in good merchantable order; sixty acres of the wheat being on the home farm where he now resides, and forty acres on the farm * * belonging to him and E. B.," and that there had been no delivery of the wheat to D. The contract was executory and passed no title.

SAME.—*Judgment.*—In replevin against several, if the plaintiff fails to show title in himself, the defendants are entitled to a joint judgment.

SALE.—*Contract.—Statute of Frauds.—Execution Creditor.*—An execution creditor can not question a sale of property made by his debtor, merely because the contract of sale is within the statute of frauds. Parties to the contract and their privies only can do so.

SAME.—*Growing Crops.—Title.—Delivery.*—Where a growing crop is sold, and either delivery or payment remains to be done, title does not pass.

EXECUTION.—*Lien.*—An execution, upon its delivery to the officer, becomes a lien on personalty, and such lien will prevail against any subsequent purchaser.

JURY.—*Contract.—Construction.*—A jury is not at liberty to find the effect and meaning of a written contract; that is the duty of the court.

SPECIAL VERDICT.— *Judgment.—Practice.*—A defendant, deeming himself entitled to judgment on a special verdict, may move for such judgment, and the question is thereby presented whether the plaintiff is entitled to judgment.

SAME.—*Burden of Proof.*—If a special verdict do not find such facts as entitle the party having the burden of proof to judgment, then a motion by the adversary for judgment should be sustained.

SAME.—A special verdict should contain only facts found, and if it states either evidence or conclusions of law, such statements should be disregarded.

From the Howard Circuit Court.

*N. R. Linsday, T. A. DeLand* and *J. W. Kern,* for appellants.
*M. Bell, W. C. Purdum, R. Vail* and *J. F. Vail,* for appellees.

ELLIOTT, J.—The appellants instituted this action to recover seven hundred bushels of wheat.

The answer is in two paragraphs. The first is the general denial; the second justifies the taking and detention of the wheat upon two executions issued against Henry Brunk, and alleged that it was grown upon lands cultivated by him, and was by him harvested and stored in his granary; that the executions were liens thereon, and were duly levied; that the only right, claim or interest of the appellants is that conferred by a written instrument, which is, in substance, as follows:

"KOKOMO, September, 25th, 1879.

"An article of agreement, made this 25th day of September, 1879, between Henry Brunk and Dixon & Co. The said Dixon & Co. having purchased of Henry Brunk one hundred acres of growing wheat, at its market price per bushel, when delivered at their warehouse in Kokomo, Indiana, the same to be harvested and cared for in a good husband-like manner, and delivered in good merchantable order; sixty acres of the wheat being on the home farm where he now resides, and forty acres on the farm in Jackson township belonging to him and Eli Brunk."

It is a familiar rule that a plaintiff in replevin must recover upon the strength of his own title, and not upon the weakness of his adversary's. It follows from this, that an answer is good if it shows the plaintiff in such an action to have no title, although it may not show any in the defendant. If, then, the answer in this case shows the plaintiffs to have no title, it is sufficient, although it may not show any in the appellees.

It is averred, very fully and explicitly, that the appellants have no other title except such as the written contract confers, and that the property described in it had not been delivered to them, but was in the seller's possession when the executions were levied. The material question, therefore, is, did this contract in itself convey title? We think it very clear that it did not. It is an elementary rule that title does not pass until there has been an executed contract of sale, and there is here no such contract, for there remained two things

to be done, delivery of the wheat in the appellants' warehouse, and payment of the agreed price. *Williams* v. *Smith,* 7 Ind. 559 ; *Moffatt* v. *Green,* 9 Ind. 198 ; *Straus* v. *Ross,* 25 Ind. 300 ; *Lester* v. *East,* 49 Ind. 588 ; *Indianapolis, etc., R. W. Co.* v. *Maguire,* 62 Ind. 140. As the answer stated facts constituting a bar to the action, the demurrer was properly overruled.

We do not deem it necessary to discuss the questions arising on the second paragraph of the reply, for if it were granted that it is good, no harm resulted to the appellants by the ruling declaring it insufficient, as the general denial pleaded in the first paragraph covered all matters that could have been given in evidence had the second paragraph been held good. The verdict is a special one, and at the proper time the appellees moved for judgment upon it, and their motion was sustained. We think the practice adopted is the proper one, and that a defendant who believes himself entitled to judgment on a special verdict, may move for judgment and thus present the question of its sufficiency to entitle the plaintiff to a recovery.

It is a familiar rule that a special verdict must find such facts as entitle the party having the burden of proof to a judgment. If the facts found are not sufficient to entitle a plaintiff to a judgment, then the defendant's motion for judgment should be sustained, unless the case is one where the burden is upon the defendant. In the case before us the plaintiffs had the burden, and the question, therefore, is whether the facts found are sufficient to support a judgment in their favor. The rule is, that it is the facts, and not the evidence, which are to be considered in determining the sufficiency of the special verdict. In strictness, neither a special finding nor a special verdict should contain anything except the facts, but, if facts and evidence are both stated, the court will act upon the facts and not upon the evidence. *Locke* v. *Merchants Nat'l Bank,* 66 Ind. 353 ; *Kealing* v. *Vansickle,* 74 Ind. 529 (39 Am. R. 101) ; *Woodfill* v. *Patton,* 76 Ind. 575.

The facts stated in the special verdict may be thus sum-

marized : On the 20th day of September, 1879, appellants and Henry Brunk entered into a verbal contract for the sale of the wheat; that in March, 1880, the verbal contract was reduced to writing and is' that set out in the answer, except that by mistake the parties omitted to incorporate the provision that appellants should make payment for the wheat to the Howard National Bank in discharge of Brunk's indebtedness to it; that the writing was dated back to September 20th, 1879 ; that, pursuant to the provisions of the contract, Brunk harvested the crop, and placed in sacks furnished him by the appellants for that purpose all of it except two hundred bushels, which he placed in his granary for them ; that two judgments were rendered against Brunk, executions thereon issued and received by the sheriff, one of them on the 6th day of February, 1879, and one on the 19th day of May, 1880 ; that these executions were levied on the 12th day of July 1880 ; that, before the levy of the executions, Brunk had delivered sixty-two bushels of the wheat to the appellants and had entered upon the work of hauling all of it to them ; that the executions were levied on twelve hundred bushels of wheat grown on the lands described in the written contract set out in the answer, and that the property was not seized under any writ nor by virtue of any tax assessment.

The findings are separated into paragraphs, and the appellants, in commenting upon them, select such only as are favorable to·them ; but this, it is plain, is not the correct practice. The verdict must be taken as an entirety, and all the material facts be considered together.

The verdict is silent as to payment of money upon the contract, and, as the burden was upon the appellants to establish all facts essential to a recovery, the finding must be regarded as against them upon this point. *Jones* v. *Baird,* 76 Ind. 164 ; *Henderson* v. *Dickey,* 76 Ind. 264 ; *Stropes* v. *Board,* etc., 72 Ind. 42 ; *Ex parte Walls,* 73 Ind. 95 ; *Pitzer* v. *Indianapolis, etc., R. W. Co.,* 80 Ind. 569. The case, therefore, is to be

treated as one in which no payment of the purchase-money has been made.

It is argued by appellees' counsel, that, as no part of the purchase-money was paid, the verbal contract was within the statute of frauds; and that this question is presented for decision by the special verdict. There are many cases where the statute may be made available without having been specially pleaded. *McMillen* v. *Terrell,* 23 Ind. 163; *Suman* v. *Springate,* 67 Ind. 115; 1 Works Pr., Pl. & Forms, 223. In *Wiswell* v. *Tefft,* 5 Kan. 263, it was said: "The general denial of the defendants raises the question of the statute as well as any other answer could raise it." The court in *Livingston* v. *Smith,* 14 How. Pr. 490, said that where the defendant puts in issue the agreement, "the plaintiff will of course fail upon the trial of that issue, unless she can prove her allegation by producing written evidence of the agreement." The same doctrine is declared in the cases of *Duffy* v. *O'Donovan,* 46 N. Y. 223, and *Marston* v. *Swett,* 66 N. Y. 206 (23 Am. R. 43). At common law, a special plea of the statute was held bad as a mere argumentative denial. 1 Chitty Pl. 500; *Elliott* v. *Thomas,* 3 Mees. & W. 173; *Eastwood* v. *Kenyon,* 11 Ad. & E. 438. Chitty says: "Under *non assumpsit,* therefore, the plaintiff must show that the statute of frauds has been complied with." We need not here enquire whether there are any cases where it is necessary to plead the statute specially; but content ourselves with holding that, in cases where the plaintiff's title to personal property, for which he brings replevin, depends upon a contract, the general denial requires him to prove a contract valid within the statute of frauds as against all persons having a right to rely upon its provisions. If he places his title upon a contract, he must show a legal one.

The appellees are right in asserting that where a plaintiff in replevin grounds his title upon a contract of sale he must show a valid contract. If the facts stated in the verdict show the contract to be within the statute of frauds, then, as against

one having a right to rely upon the defence of the statute, the verdict will not support a judgment for the plaintiff. *Shipley* v. *Patton's Adm'r*, 21 Ind. 169. This necessarily results from the rule that the general denial requires the plaintiff to prove a contract executed in accordance with the requirements of the statute, and the verdict, not finding this material fact in the plaintiff's favor, is not sufficient to support a recovery by him.

The verbal contract made in September, 1879, was unquestionably within the statute, for there was no delivery, no written memorandum made, nor any earnest-money paid. *Bowman* v. *Conn*, 8 Ind. 58; *Carpenter* v. *Galloway*, 73 Ind. 418. But there are other important principles which require examination before the question of the appellees' right to judgment upon the verdict upon the ground that the contract stated is within the statute.

While it is true that a plaintiff in replevin, who relies upon a contract of sale, must establish one sufficient to pass title, it is also true that the defence of the statute of frauds can not be used against him except by a party to the contract. The defence of the statute is a personal one, and can only be made by parties or privies. *Morrison* v. *Collier*, 79 Ind. 417; *Ames* v. *Jackson*, 115 Mass. 588; *Cahill* v. *Bigelow*, 18 Pick. 369; *Chicago, etc., Co.* v. *Kinzie*, 49 Ill. 289; *Mitchell* v. *King*, 77 Ill. 462; *Eiseley* v. *Malchow*, 9 Neb. 174; *Bohannon* v. *Pace*, 6 Dana (Ky.) 194; *Benton* v. *Pratt*, 2 Wend. 588; Browne Statute of Frauds, section 135.

A creditor, seeking to subject to sale property sold to another by the debtor in good faith and for a valuable consideration, can not avoid the sale upon the ground that the contract was not evidenced as the statute requires. If the debtor should sell land to a *bona fide* purchaser, and receive the purchase-money, it would be inequitable to permit the creditor to seize it because there had been no writing or no part performance. It would not be difficult to suggest many cases where it would work great injustice to permit the creditor to

avail himself of the benefit of the statute at the expense of his debtor's vendee, but the authorities we have referred to so fully discuss the question that no further discussion is needed from us.

The appellees are not entitled to succeed upon the ground that the special verdict shows a contract within the statute, because they have no right to interpose that defence against the purchasers from their debtor. If a contract of sale is sufficient to convey title, and its only infirmity is, that it is not executed or evidenced as the statute of frauds requires, it will defeat a creditor's claim. A contract of sale, otherwise valid and effective, can not be overthrown by the creditor upon the sole ground that the parties did not put in writing, or perform it in part.

Under our statute, the lien of an execution attaches at the time of its delivery to the officer, and it will prevail as against subsequent *bona fide* purchasers although they pay full value and obtain actual possession of the property. *Marsh* v. *Vawter*, 71 Ind. 22; *Griffin* v. *Wallace*, 66 Ind. 410; *Johnson* v. *McLane*, 7 Blackf. 501 (43 Am. Dec. 102); *McCall* v. *Trevor*, 4 Blackf. 496. If the title to the wheat in controversy had not passed to the appellants at the time the lien of the writs attached, then no subsequent contract could divest the rights of the execution plaintiffs.

It is said by appellants' counsel, that the wheat was set apart to their clients, and that there was such a delivery as consummated the contract of sale and vested title in them. This position can not be maintained, for the reason that the liens of the appellees had accrued before this was done, and whatever rights the act of setting apart gave the appellants, were subordinate to the lien of the executions. In two of the cases last cited, it was held that the lien of the execution would prevail against the title of a *bona fide* purchaser who had paid full value, and whose contract of sale was fully executed by actual delivery. If that be the correct rule in such a case, and that it is can not be doubted, it must surely be held that

execution liens will prevail against a purchaser who has paid nothing, and has not received actual possession of the property.

Counsel are in error in supposing that a levy is essential to the existence of the lien. It is, as they say, essential to the right of possession, but when possession is taken the right relates back to the time the writ came to the hands of the officer. A sale cuts off all rights accruing subsequent to the delivery of the writ; if it were otherwise, the statute giving the lien would be without force.

Much stress is laid upon a general conclusion stated in one of the paragraphs of the verdict, that the plaintiffs are the owners of the wheat; but this conclusion can not, it is manifest, prevail against the facts. It is no part of a jury's duty to state conclusions of law, and they should always be disregarded by the court. The facts only, and not conclusions of law or matters of evidence, are to be considered in determining the sufficiency and effect of a special verdict. The facts in the verdict before us show very clearly that the conclusion stated by the jury is an erroneous one.

It is insisted by the appellants, that as there is a statement in the verdict, that the parties intended that the verbal contract should vest title at once, it must be deemed to have had that effect. This argument loses sight of the fact that the written contract merged all preceding oral negotiations. As it had the effect to merge the oral negotiations, the rights of the parties are to be determined from the words of the instrument, and not from any secret or unexpressed intention of the parties.

The construction of a written contract is for the court, and the jury have no authority to take upon themselves the work of giving the instrument a construction. It is for them to find the fact of its execution, and for the court to decide upon its meaning and effect.

There was no pledge of the property. The verdict finds that Dixon & Co. were to pay the money to the bank, but it does not find that there was any delivery as a pledge, and de-

livery is essential to a valid pledge. But we need not further notice this point, because the contract merely provided for payment of the purchase-money to a designated person, and no right, either general or special, in the property itself was transferred.

The facts stated in the special verdict show a right in the appellees to judgment, for the reason that the appellants did not acquire title by a consummated contract of sale until after the lien of the writs had attached. Where a growing crop is sold, and some act, as the delivery to the vendee or the payment of the price, remains to be done, the title does not pass to the vendee. Benjamin Sales, sec. 675, note *d.*; Wells Replevin, sec. 191. We are not embarrassed by any question as to what the rule would be if the buyers had actually paid for the property, for here nothing was paid.

Appellants can not successfully urge that the matters of evidence and the mere conclusions of law stated in the verdict shall be considered in determining their right to a judgment, nor can they here complain that such matters were put into the verdict. If a verdict states conclusions of law and matters of evidence, the remedy is by a motion for a *venire de novo.*

It is urged that the court erred in rendering a joint judgment in favor of the defendants, but there was no error in this. Where a plaintiff institutes an action in replevin against several defendants, and fails to show title in himself, he will fail as to all of the defendants, although one only has title. In truth the plaintiff will fail if none of the defendants has title, for unless he has the title he can not recover, no matter in whom it may reside.

No objection was made to the form of the judgment in the trial court, and appellants can not, therefore, be heard to make any here.

Judgment affirmed.