Pittsburgh, Cincinnati and St. Louis Railroad Company v. Spencer et al.

Filed Nov. 11, 1884.

---

No. 11,193.

Pittsburgh, Cincinnati and St. Louis Railroad Company v. Spencer et al.

Railroad.—*Complaint.*—*Negligence.*—A complaint by a passenger of a railroad company, against a different railroad company, for an injury resulting from a collision at a crossing caused by the careless backing of a train of the latter into the car occupied by the plaintiff, is good without averring that the company carrying the plaintiff was without fault.

Same.—In such case, the passenger is entitled to recover damages, even though the company that has undertaken to carry him has been guilty of negligence.

Same.—*Special Verdict.*—*Venire de Novo.*—In such case, a special verdict which finds that the injury resulted from the fact that the defendant backed a car against the car occupied by the defendant, whereby the latter car was upset, and the plaintiff injured, "by the carelessness, negligence and fault of the defendant," without finding any facts from which the court can deduce negligence as a conclusion of law, is bad, and a *venire de novo* should be awarded.

Same.—*Province of Court and Jury.*—Where the facts and inferences therefrom are not disputed, the question of negligence is one of law, but where the facts are disputed, the question is one of mixed law and fact, to be submitted to the jury under instructions from the court.

Special Verdict.—A special verdict should find facts only, and not conclusions of law, and then the court applies the law thereto.

From the White Circuit Court.

*N. O. Ross* and *G. E. Ross*, for appellant.

*R. Gregory*, for appellees.

ELLIOTT, C. J.—The complaint seeks the recovery of damages for injuries received by Lilla E. Spencer.

The only objection urged to the complaint which is not founded upon a misconception of its language, is, that it is bad because there is no allegation that the negligence of the railroad company on whose train Mrs. Spencer was a passenger did not contribute to the injury, and this objection is not well founded. A passenger who is himself without fault is entitled to recover for injuries inflicted through the negligence of another railroad company in running into the train of the company that has undertaken to carry him, even though the latter company has been guilty of negligence. The authorities are full and satisfactory upon this point. *Town of Albion* v. *Hetrick,* 90 Ind. 545 (46 Am. R. 230); *Robinson* v. *New York Central, etc., R. R. Co.,* 66 N. Y. 11 (23 Am. R. 1); *Chapman* v. *New Haven R. R. Co.,* 19 N. Y. 341; *Barrett* v. *Third Avenue R. R. Co.,* 45 N. Y. 628; *Wylde* v. *Northern R. R. Co.,* 53 N. Y. 156; *Bennett* v. *New Jersey, etc., Co.,* 7 Vroom, 225 (13 Am. R. 435); *Danville, etc., Co.* v. *Stewart,* 2 Met. (Ky.) 119; *Steamer New Philadelphia,* 1 Black, 62; Thompson Carriers, 284.

The verdict in this case was a special one, and all that is stated in it upon the subject of the appellant's negligence is contained in the specification which reads thus: "We, the jury, find that on the 10th day of December, 1881, Lilla E. Spencer was a passenger on a train of the Indianapolis and Chicago Air Line Railway Company, and that the road of said company passes through White county, Indiana, and crosses the railroad track of the Pittsburgh, Cincinnati and St. Louis Railway Company, the defendant herein, at right angles, in the town of Monticello; that while said Air Line train was passing over and across said crossing the train of said Pittsburgh, Cincinnati and St. Louis Railway Company backed down upon the car in which said Lilla E. Spencer was sitting as a passenger, and upset said car, injuring her; that there was no fault on the part of Lilla E. Spencer, nor on

the part of the Indianapolis and Chicago Air Line Company,. but that said car of the Air Line Company was upset, and the injuries to said Lilla E. Spencer caused by the careless-- ness, negligence and fault of the defendant."

"The design of a special verdict," said the court in *Goldsby* v. *Robertson*, 1 Blackf. 246, "is to exhibit the facts of the case in such a manner that the court can decide according to law, and relieve the jury from the necessity of deciding legal questions, on which they may have doubts." In a text-book of excellent standing it is said: "A special verdict which does not find the material facts in detail, can not be supported. as such; it must be set aside, and a new trial awarded." 3 Gra- ham & Waterman New Trials, 1418. There are many cases in our reports sustaining this doctrine. *Dixon* v. *Duke*, 85 Ind. 434; *Vinton* v. *Baldwin*, 95 Ind. 433. The code de- clares that "A special verdict is that by which the jury find the facts only, leaving judgment thereon to the court." Sec. 545, R. S. 1881. Facts only are to be found, and not matters of law. All the facts essential to a recovery must be found, and mere conclusions of law are disregarded. *Dixon* v. *Duke*, *supra*; 2 Tidd Pr. 897, auth. n.

The question in this case is whether the special verdict does find the facts so that the court can declare the law, for if it does not it is bad. The facts, so far as the controlling issue of negligence or no negligence is concerned, and the only facts, stated in the verdict, are, that the train of the ap- pellant was backed down upon the car of the Air Line com- pany, and that the car was passing over the crossing of the two roads. If it can be decided as matter of law that the bare fact of backing into another train constitutes negligence, then the verdict may be sustained, but we are satisfied that this can not be held. It may be perfectly proper to back a train, and from that fact alone negligence can not be declared to exist as matter of law. Nor from the fact that a collision occurred can negligence be adjudged to exist, for a collision may occur through the tort of a stranger, through unavoid--

able accident, or from some cause for which the carrier is not answerable. One whose right to a recovery depends on negligence must secure a special verdict stating facts which the court in pronouncing the law can declare to constitute negligence. The jury have nothing at all to do with the law in cases where they return a special verdict, but they must state the facts so fully that the court can, in a case like this, declare that the law is, that such facts constitute actionable negligence. It is not sufficient to state facts not in themselves constituting negligence, and then by an epithet or conclusion of law characterize them as negligent, but the facts must be so stated as to afford the court grounds for adjudging that the law is that they do constitute negligence. Suppose that an action is brought for injuries received by a collision on a highway crossing, would a verdict be good which simply found that the railway train backed into the wagon? Or, suppose the collision to be between two wagons at the crossing of two highways, would it be sufficient to find that the defendant backed into the plaintiff's wagon? Again, suppose the verdict in a case against a municipal corporation to find that there was an excavation in a public street, would that finding be enough to authorize the court to declare as matter of law that there was negligence? It seems quite clear that in all these cases the verdict would be insufficient, and in principle they are the same as the case in hand. Upon principle and authority no special verdict can be good in a case where negligence is the material issue, without stating such facts as in law constitute negligence.

Conclusions of law in a special verdict are without force, and a general statement that an act was negligently done is but a conclusion of law. The facts showing how the act was done are essential, for without them the court can not ascertain or pronounce the law. All the authorities agree that the law is exclusively for the court in cases where special verdicts are returned, but if it be held that a general statement of negligence is good, then nothing at all is left to the

court, for the jury have determined both the law and the facts. To allow this would be to permit the jury to usurp the functions of the court and decide the whole case. In that event the court would be without power and without functions, and this surely can not be the law. If the jury's decision, stated in general terms, that an act is negligent, is sufficient, then what need for a court? All that would be necessary, if that were the law, would be to take a special verdict embodying the jury's opinion. Something is to be done by the court in every case of a special verdict, and that something is to declare the law upon the facts found; but if we hold that the jury's general statement that an act was negligent is sufficient, we affirm the converse of this, because, by so holding, we declare that the verdict of the jury settles everything; the law as well as the facts, leaving the court nothing to do except make the mere formal entry of judgment.

We understand it to be a fixed principle that the court does rule upon all questions of negligence. If it were otherwise there would be no element of law in such a case; everything would be pure matter of fact, nothing would be matter of law. It would be strange indeed if in any case a judgment could be had without the application of rules of law, and in all civil cases the law comes from the court. It has been said scores and scores of times that negligence is generally a mixed question of law and fact, and it has also been often said that where the facts are undisputed, and the inferences to be drawn from them unequivocal, it may be a question of law. *Gagg* v. *Vetter*, 41 Ind. 228, *vide* authorities p. 254; *Bellefontaine R. W. Co.* v. *Hunter*, 33 Ind. 335; *Ohio, etc., R. W. Co.* v. *Collarn*, 73 Ind. 261; S. C., 38 Am. R. 134; *Pittsburgh, etc., R. R. Co.* v. *Williams*, 74 Ind. 462; *Louisville, etc., R. W. Co.* v. *Richardson*, 66 Ind. 43; S. C., 32 Am. R. 94; *Binford* v. *Johnston*, 82 Ind. 426, see page 431 (42 Am. R. 508); *Woodruff, etc., Co.* v. *Diehl*, 84 Ind. 474 (43 Am. R. 102); *Purcell* v. *English*, 86 Ind. 34 (44 Am. R. 255); *Catawissa R. R. Co.* v. *Armstrong*, 52 Pa. St. 282; *Lake Shore, etc., R.*

*R. Co.* v. *Miller*, 25 Mich. 274. If it be true, as undeniably it is, that the question is always either one of law, or one of mixed law and fact, then it must be true that in all cases the court must pronounce the law. In the case of a special verdict it is only possible to do this by acting upon the facts stated in the verdict.

Where a general verdict is sought, the court instructs the jury as to the law of negligence, and thus pronounces the law of the case; but in cases where a special verdict is asked, the law is pronounced, not in instructions to the jury, but upon the facts stated by the jury. If the jury for themselves state the law, then the court is a mere passive spectator, at most a mere moderator. In general verdicts the law enters as a factor, because the jury are required to decide the case " according to the law and the evidence; " but in special verdicts they simply state the facts. It is clear that unless all the material facts are stated in the special verdict, the court can not declare the law, and the result is that the law is not declared at all, or is declared by the jury.

We have said that when the facts are found the legal character and consequences are matters of law for the court, and we now give our authority for this statement. In a recent work it is said : "And though negligence is generally a mixed question of law and of fact, yet when the fact from the existence of which it is claimed that the negligence flows, is found by the jury to be true, then its legal character and the consequences flowing therefrom, become a matter of law for the court." 2 Rorer Railroads, 1030. Many cases are cited in support of this proposition, and our own cases lay down this rule.

In the case of *Bellefontaine R. W. Co.* v. *Hunter*, 33 Ind. 335, it was said : " But while negligence is, in general, a mixed issue of law and fact, yet it is equally true that when the fact which it is claimed constitutes negligence is found, its legal character and consequences become a matter of law." In *Woodruff, etc., Co.* v. *Diehl*, 84 Ind. 474, HOWK, J., said : " In the case at bar, the facts were very fully found by the court,

and the necessary inference therefrom of the appellant's negligence was so plain and certain, that the court was authorized, we think, to state such negligence as a conclusion of law."

The question came even more directly before the court in *Toledo, etc., R. W. Co.* v. *Goddard*, 25 Ind. 185, where the following interrogatories were submitted to the jury and the following answers returned:

"'Was not the defendant guilty of negligence in placing the freight car on the side-track, on the street, thereby obstructing the same?' To which the jury answered 'yes.'

"'Was not the defendant guilty of negligence in not placing some visible signal at or near the southwest corner of the wood-shed, to indicate the approach of the backing train, to prevent collision?' To which the jury answered 'yes.'"

The court said: "These interrogatories, we think, should not have been submitted to the jury. The answers to them do not constitute a special verdict under the statute. They were probably intended to be submitted under the last clause of section 336 of the code, 2 G. & H. 205, which provides that the court, 'in all cases when requested by either party, shall instruct the jury, if they render a general verdict, to find specially upon particular *questions of fact,* to be stated in writing, which special finding is to be recorded with the verdict. These interrogatories do not conform to the statute. They do not ask the jury to find upon any particular questions of fact; they simply assume that certain facts existed, and ask the jury if they do not constitute negligence.

"The question of negligence is ordinarily a mixed one of law and fact, but when the facts are found, then their legal consequences constitute purely a question of law for the court, and not for the jury. If the jury had been asked to find specially whether the defendant had placed a freight car on the side-track on the street, thereby obstructing the same; and whether the company had placed a visible signal at or near the southwest corner of the wood-shed, to indicate the approach of the backing train, to prevent collision, and the

jury had answered the first in the affirmative, and the second in the negative, these would have been facts specially found by the jury, and then it would have devolved upon the court to determine, as a question of law, whether the facts so found by the jury constituted such negligence as to make the defendant liable for the injury complained of."

If we extract from the special verdict the conclusions of law there remains nothing from which it can be concluded as matter of law that there was actionable negligence. There is no fact stated which will authorize the court to make the conclusion which the jury, by usurping the functions of the court, arrived at; on the contrary, the act done, for aught that appears, might have been done without culpable negligence.

It is one of the oldest principles of the law that it is of the very essence of a special verdict that it state all of the material facts, and that the court will supply nothing by intendment. 2 Tidd Pr. 897, auth. n.; *Seward* v. *Jackson*, 8 Cowen, 406; *Hill* v. *Covell*, 1 N. Y. 522; *Langley* v. *Warner*, 3 N. Y. 327; *Eisemann* v. *Swan*, 6 Bosw. 616; *Hallett* v. *Jenks*, 1 Caines Cas. 43; *Thayer* v. *Society, etc.*, 20 Pa. St. 60; *Kuhlman* v. *Medlinka*, 29 Texas, 385. The code has not changed the rule upon this subject. *Williams* v. *Willis*, '1 Abbott Pr. 90; *Eisemann* v. *Swan*, *supra*.

It is important that a special verdict should state the material facts in detail for still another reason than those already stated, and that reason is, that where a special verdict is returned no interrogatories can be propounded to the jury. If, therefore, the party can not get the facts fully on the record by a special verdict he can not get them at all, and the result would be a denial of an important right. In the present case there are no more facts in the special verdict than would be implicitly contained in a general verdict, for every general verdict in a case of negligence passes upon and implicitly embodies a decision of that question. If it be true that the general verdict implicitly contains a conclusion on this question, then

it must be true that a special verdict which does no more than give expression to that conclusion is in legal effect only a general verdict, and surely no special verdict can be good which, in effect, is nothing more than a general verdict. In a general verdict the jury take the law as declared by the court and apply it to the facts and state their conclusion upon the law and the evidence in a general way; while in a special verdict they consider only the facts, leaving the law wholly and exclusively to the court. If it be said that in a general verdict the jury do not pass upon the law as contained in the instructions of the court, then it must be held, in order to be consistent, that instructing the jury is a meaningless ceremony, and the oath to "find according to the law and the evidence" an empty form.

There may possibly be cases in which it is necessary for the jury to make an inference from the facts characterizing the act as negligence, but that is not the question here. The question here is whether if the act done is in itself not a wrongful or negligent one, it is sufficient by a mere conclusion to characterize it as negligent without stating the manner in which it was performed, or the circumstances surrounding its performance. The naked statement that a train was backed down upon another train standing upon the crossing, without stating how it was done, or under what circumstances it was done, simply informs the court that it was done. This it does and nothing more, and if the act was not in itself negligent, or if there are no facts stated as to the manner of its performance, there is absolutely nothing upon which the court can base a legal conclusion. An act may or may not be negligent, whether it is so or not, in many cases, depends upon the circumstances under which it is done, as is well illustrated by the case of *Pittsburgh, etc., R. R. Co.* v. *Evans*, 53 Pa. St. 250, where it was said: "Negligence is generally a mixed question of law and fact, and what renders special verdicts so proper in these railroad cases is, that if they

ascertain all the material facts, the undisputed as well as the disputed, the question of negligence then becomes exclusively a question of law, and may be dealt with accordingly." In that case the verdict was held to be insufficient, because, although it stated, " That plaintiff passed on to the railroad track, exercising the care that a prudent man would exercise under similar circumstances," it did not state facts enough to enable the court to decide that he was not guilty of contributory negligence. If it were conceded that the jury should characterize an act not leading directly to the inference of negligence as negligent, still it would not conflict with the views here expressed by us, for what we decide is that where an act is not in itself negligent or wrongful, it can not, as a legal conclusion, be adjudged to constitute negligence where there are no facts stated showing the manner in which it was done, or the circumstances under which it was performed. In our opinion an act not in itself wrongful or negligent can not, in the absence of facts or circumstances giving it that character, be declared to constitute actionable negligence.

Judgment reversed, with instructions to sustain appellant's motion for a *venire de novo.*

Filed Nov. 11, 1884.