Kennedy, J.
Eva M. Hill brought this action against the Cleveland Railway Company to recover damages for certain injuries which *258 she says she sustained on February 11, 1915, by reason of the alleged negligent starting of the defendant’s street car while she was in the act of alighting therefrom by the conductor’s express direction.
Under the authority of Section 11462 of the General Code, a special verdict in writing upon all the issues of the case was. first requested by t'he defendant, and then requested by the plaintiff, whereupon each party, at the request of the court, prepared and submitted an outline or form of special verdict td aid the jury; and neither party objecting to the form of verdict submitted by the other, both forms were submitted to the jury, with pertinent limiting instructions to the effect that the jury was at liberty to disregard both forms, and that it was the jury’s duty, if they could not concur in the finding thereunder, to prepare a verdict of their own entirely different, as they should find the facts to be from the evidence in the case, and for that purpose blank forms were submitted to the jury by the court.
The painstaking precision and exhaustiveness with which counsel for each party, Mr. Boyle for the defendant, and Mr. Payer for the plaintiff, presented in their respective forms the issuable facts claimed by them to have been established by the evidence, in the event that the jury saw fit to adopt either the one or the other, were bound indeed to simplify the task of the court and render in either event its judgment unerring by the return of such a special verdict as was contemplated by General Code, 11460, and leave the situation, as the statute expresses it, so “that nothing remains for the court but to draw from the facts found conclusions of law.”
The jury did find, upon all the issues in the case, in favor of the plaintiff and adopted her form. Thus, every material fact, and all the issues were specifically found in her favor, and ber damages assessed by the jury at $17,000. The jury found “that on the 11th day of February, 1915, near 5 o’clock in the afternoon, the plaintiff, Eva M. Hill, boarded and became a passenger on a west bound Bridge avenue trailer of the defendant, then standing and receiving passengers at or near the *259 shelter house on Ontario street, Public Square; that after she boarded said ear the conductor of the defendant, in charge of the same, closed the door of the car in the face of a niece of the plaintiff who was within two or three feet of the ear approaching the same for the purpose of becoming a passenger thereon with the plaintiff; that thereupon the plaintiff said to said conductor, substantially, “You must let her on or me off”; whereupon the conductor opened the door, saying, in substance, “Get off then”; that the ear being then in a stationary position, the plaintiff proceeded to alight from the ear, and, holding onto the handlebar .at the door of the car with one hand, was reaching for the ground with her right foot, when the defendant, without warning to the plaintiff, suddenly, unexpectedly, violently and negligently started said car so that, as a proximate result of that negligence, the plaintiff was violently precipitated to the pavement, striking her buttox, back and head, and falling with her feet towards Superior avenue and her head towards Euclid avenue, so that she became dazed, suffered a fracture of her coccyx and an injury to her body, mind and central organism, which has permanently incapacitated her from walking without assistance. That the plaintiff is about forty years of age, that plaintiff was wholly without fault, and that she did not attempt to get off said ear while it was in motion, and that said acts and omissions of the defendant were the sole and proximate cause of said injuries of the plaintiff.
In the light of this special verdict, it is inconceivable how the court could fail to come to but one conclusion. The court is unable to perceive in the instructions of law given to the jury any error whatever; but even if all the critical contentions of counsel for the defendant were allowed, the specific issuable facts found by the jury still remain unaffected, leaving room for but one legal conclusion. A claim that the jury’s special verdict is against the weight of the evidence, while set up ’in the motion for a new trial, is not urged either in the written brief or in the oral argument. While it is true that plaintiff’s witnesses were not so numerous as defendant’s witnesses, yet the candor, demeanor and character of plaintiff’s witnesses and the *260 reasonableness of tbeir testimony were such as to command the respect of conscientious judgment. On the other hand, the conduct of defendant’s witnesses in some instances and their manner of testifying and the unreasonableness of the story told, manifestly created a bad impression, and in one instance at least, a very grave doubt exists as to the actual presence of an alleged eye-witness on the scene of the accident; and surely no weight could reasonably be expected to be added to the defense by its expert testimony, to-wit, that a woman so manifestly ill and helpless as this plaintiff was, could be cured by a prescription, or suggestion of hypnotism or drunkenness, or by the excessive use of whisky, nor did the enforced subsequent modification of this contention in regard to the claimed result of either of these unique treatments impress analytical judgment. There is abundant justification in the evidence for the jury’s findings, and the court fully concurs therein. Straining the application of counsel’s views to the utmost, the findings of the jury in the respect that they remain admittedly immune from attack are so clear, explicit and conclusive as to resolve every material issue in favor of the plaintiff, so that legal judgment can not escape its just conclusion therefrom. Notwithstanding this view, however, careful consideration has been given to the contentions of counsel on both sides and the authorities cited.
The leading case in Ohio is 77 O. S., 360 — Rheinheimer v. Aetna Life Insurance Company — in which case Mr. John G. White appeared for the plaintiff and Mr. W. D. McTighe for the defendant. ' In view of the fact that the procedure authorized by the Supreme Court of Ohio in this case was carefully followed in the instant ease, it is impossible to sustain the contentions of the defendant’s counsel in regard to the error of this procedure. On page 364 in the Rheinheimer case it appears that ^counsel for defendant, before the general charge 'to the jury, requested the court to instruct the jury to return a special verdict in writing upon all the issues raised by the pleadings, but defendant’s counsel declined to assist in framing the form of such verdict, and when it was prepared and submitted to *261 the court by counsel for plaintiff, the defendant’s counsel objected to it going to the jury, but offered no form in its place.”
It is to be noted that in the instant case forms were prepared by both counsel for plaintiff, Mr. Payer, and by Mr. Boyle, for the defendant, and that each followed the form outlined on pages 364 and 365 of the Rheinheimer case, including the form of the concluding sentence on page 365, namely: “If upon the whole matter, the court shall be of the opinion that the plaintiff has established her cause of action, we then find for the plaintiff and assess her damages ,at the sum of sixty-two hundred dollars.”
On page 368 in the Rheinheimer case, in the briefs of counsel it appears that stress was laid a number of times upon the fact that the special verdict was drafted by counsel for the plaintiff.
On page 384, in the opinion of the Supreme Court in the Rheinheimer case it appears that counsel for defendant objected to the form of verdict as prepared by counsel for plaintiff going to the jury room. The answer of the Supreme Court upon this question is found on pages 385 and 386 in the following language:
“It has always been the practice of the court to draw up and send to the jury forms of general verdicts, and the way was open in this case for counsel for defendant to have his form of special verdict sent to the jury. There was no such irregularity in the special verdict or in the manner in which it was prepared and returned as will require us to set it aside.
“In the light of this special verdict, it seems that the insurance company has not been prejudiced by the court refusing to give several of the special requests.”
An examination of the record also in the Rheinheimer case discloses that a general charge to the jury was given by the trial judge; and on page 381 of the decision the Supreme Court approved both the general charge and special instructions to the jury upon questions of fact and questions of law in the following language:
“It seems to us the above special instructions given at the defendant’s request, and the general charge, covered the terms of the exception in the policy, and the court sufficiently and *262 correctly construed the policy. The qualifying words, above noted, were contained, in whole or in part, in several of the rejected instructions, and the same comment applies to them. We will further refer to the genenal charge and the rejected instructions when we come to consider the special verdict returned by the jury.”
In 28 C. C., 834, Madisonville et al v. Rosser & Castoe et al, it was held (first syllabus):
“A special verdict being requested, the court is bound to instruct the jury as to the issues in the case and the proper form of the verdict and the specific facts to be found.”
The circuit court in this case quoted from 72 O. S., 586, as follows:
‘ ‘ In submitting a ease to the jury, it is the duty of the. court to separate and definitely state to the jury the issues of fact made in the pleadings, accompanied by such instructions as to each issue .as the nature of the ease may require. ” * * *
On page 835 the circuit court, after this quotation from the 72 O. S., held:
“This is required when a jury returned a special verdict no less than where the verdict is general. Indeed, it would seem from- Revised Statutes, 5200, which defines a special verdict, that it is even more essential that the jury shall be fully instructed as to the facts which they are required to find and upon which only the court can render judgment.”
The case of Baxter v. Railroad, 104 Wis., 307, is exactly in point, and on page 314 Marshall, J., in the opinion of the court uses this language:
“The idea advanced by counsel for the defendant that the statutory right to a special verdict is only satisfied by questions that do not need to be considered in the light of legal principles given to the jury by the court, is contrary to the universal practice and the settled law. upon the subject. Often, whether certain conduct complained of is negligence, where the evidentiary facts are all established, is a question of fact, in respect *263 to which different minds may reasonably come to different conclusions. In that situation it is necessary to carefully instruct the jury regarding the standard of care necessary to the performance of the duty alleged to have been violated, leaving it to them to determine whether the alleged wrongdoer came up to the legal standard in the particular instance complained of: The question of contributory neglgience, of proximate cause, and what is reasonable are only, ordinarily, determinable by viewing evidentiary facts in the light of legal principles. The ultimate fact being only properly determinable by viewing evidentiary facts in the light of legal standards, instructions by the court in regard to such standards are necessary. When such ultimate facts >are established, the legal liability follows as a conclusion of law. At that point the jury should not be instructed. They are to find the facts, guided by the law regarding such facts, but regardless of the legal effect of their conclusions. The issues of fact raised by the pleadings are to be passed upon by the jury. The legal conclusion to be drawn from such findings is to be referred to the court with an additional conclusion by the jury, express or implied, that if the court should be of the opinion, upon the whole case, as found, that plaintiff has a good cause of .action, they find for the plaintiff, otherwise for the defendant.”
So that there is abundant authority in Ohio and elsewhere in favor of a general charge and explicit instructions upon the law to the jury when a special verdict upon the issues in the case is requested. Indeed, it is difficult to perceive how a jury could make .a finding upon the issues without pertinent instructions, by legal definitions or otherwise, as to what those issues are.
In 18 C.C.(N.S.), p. 215, Traction Co. v. Garnett, on pages 220 and 221 our own circuit court said:
“On the second point (if the jury in returning a special verdict is confined by the statute to the facts), the question of negligence is, as frequently said by our Supreme Court, a mixed question of law and fact; and the form of special verdict submitted by the' court to the jury in this ease required them to answer specifically whether the defendant was negligent, .and also whether the plaintiff was negligent. In the charge negligence was defined as want of ordinary care, and ordinary care was defined in the familiar terms laid down by our Supreme *264 Court. If the jury had been asked to say whether plaintiff and defendant respectively exercised such care in respect to the matters charged to be negligent in the pleadings, as persons of ordinary prudence are accustomed to employ under similar circumstances, such questions, together with the jury’s answers 'thereto, would, we think, have been within the realm of fact as distinguished from conclusions of law. With the term negligence defined as the court did define it to the jury, the circumlocution was avoided and the same result follows as if the more involved phraseology had been employed in the verdict itself. ’ ’
The statutes of Ohio on this subject are as follows:
The Ohio General Code, Section 11460, defines a special verdict as follows:
“A special verdict is one by which the jury finds facts only as established by the evidence; and it must so present such facts, but not the evidence to prove them, that nothing remains for the court but to draw from the facts found, conclusions of law.”
General Code, Section 11461: “Unless otherwise directed by the court, a jury may render either a general or a special - verdict, in all actions.”
General Code, Section 11462: “When requested by either party, the court shall direct the jury to give a special verdict in writing, upon any or all issues which the case presents. ’ ’
In the light of these statutes and the foregoing .authorities, the rationale of the opinion in the ease of The Mahoning Valley Railway Company v. Elizabeth Brunner, decided by the Court of Appeals of the Seventh District (unreported), is founded upon a consideration of what was intended to be a specal verdict in that case, for it appears in the decision of the court of appeals that:
“A special verdict was asked in this case, and both parties submitted a form of special verdict, but the jury concluded not to use either of them, and rendered one of its own making, which reads as follows: ‘We, the undersigned jurors, find that the defendant company w.as negligent in allowing car 91 to gain too much speed before motorman applied sand and air to get the car- under control.’ ”
*265 The peculiar, unsatisfactory, and inconclusive character of the finding in itself furnished trouble for the court; and the decision is not clear because it does not state the points in the trial court’s charge that are deemed objectionable, nor does the case cite or review any of the authorities upon the point cursorily discussed.
Another question is raised in regard to the statement of plaintiff’s counsel, Mir. Payer, in connection with the.special forms prepared. While it is extremely doubtful whether counsel’s statement went so far as to disclose to the jury the authorship of the particular draft, yet, even if it had, it seems to me no impropriety could be argued therefrom, for our Supreme Court, in the Rheinheimer case, upon page 384, does not disapprove the trial court’s charge wherein it appears to have disclosed the authorship of the special verdict presented by Mr. John G. White, in the following language: “The plaintiff in this case, gentlemen of the jury, has prepared a special verdict which, upon her theory of the ease, you may find if you see fit so to find.”
In 18 C.C.(N.S.), page 215, where the practice is fully discussed on page 217, the court, in regard to special forms,' uses this language:
“When such a verdict is required the party requesting the same usually presents such form of finding as he thinks the evidence warrants.” * * *
On page 219 the court calls attention to the fact that the authorship of the special verdict was disclosed, and says:
“The alleged error in thus disclosing the origin of the questions in connection with the court’s draft of special verdict is, in our opinion, without foundation.”
And on page 220 the circuit court concludes:
“The impracticability of formulating a special verdict in narrative form in this case, in view of the complexity of the issues; the practice which the defendant had already sought to establish by drafting its request for a special verdict in the same *266 manner; and its failure to withdraw its request for .a special verdict; in the turn which the case finally took before submission to the jury, render it impossible for us to hold that the court committed an error in the matter of practice which we have just discussed.”
Before analyzing the Indiana authorities, it is to be noted that the state of Indiana, by .an act of 1897 (now incorporated in Section 572), repealed its Sections 335 and 336 authorizing the rendition of a special verdict. The law of Indiana today and ever since 1897 does not authorize a special verdict, but does authorize a general verdict with special findings of fact. This repeal seems to have been due to the contention that seems to have grown up in the practice of failing to distinguish between special findings of fact and special verdicts on all issues raised by the pleadings. Indeed it appears, upon reading many of the Indiana .authorities, that interrogatories submitted and answered by special findings of the juries were frequently characterized as special verdicts. Our own courts in Ohio have clearly pointed out the distinction between a special verdict upon all the issues in a case and the special findings of fact, which, by the express provision of our Ohio statute, .are had upon questions submitted in case a general verdict is rendered.
In 66 O. S., 400, Gale v. Priddy, the distinction was clearly pointed out. First syllabus:
“1. A request that the court will direct the jury to render a special verdict in writing, upon any or all of the issues in the case, is not .a request to instruct the jury that if they find a general verdict, they shall find specially upon particular questions of fact, as provided in Revised Statutes, Section 5201.”
And on pages 403 and 404 in that case our Supreme Court used this language:
“It does not appear that the court was requested to instruct the jury 'to find specially upon particular questions of fact,’ although questions seem to have been prepared .and submitted to the court for the purpose of procuring such a special finding. Instead of such a request, the record shows that the defend *267 ant requested the court ‘to direct the jury to give a special verdict in writing upon certain issues, ’ which is a very different thing. It does not appear that a special verdict or any ‘issues’ was prepared and submitted as is the general and proper practice in such eases. 22 Ency. PL & Pr., 993; but it does appear that certain ‘particular questions of fact’ were prepared, which counsel doubtless desired to have answered by the jury. A ‘particular question of fact’ (Section 5201, Revised Statutes) is something different from, and less than, an ‘Issue’; and the object of the statute is that these special findings, if inconsistent with the general verdict, may control it.”
105 Indiana, 162, Connor v. Citizens Street Railway Company, cited by defendant here, upon reading really appears to be a case decided in favor of the injured party, and the court in its decision uses this significant language: “Eliminating the unauthorized conclusions drawn by the jury, we proceed to the consideration of the facts properly returned in the special verdict. Upon the facts so returned, we think it clearly appears that the defendant was guilty of negligence, and that the plaintiff was without contributory fault.”
This was a case in which the special verdict was unfortunately worded, and while finding in one sentence that the plaintiff was ordinarily prudent, found that the injury was caused mostly by the defendant. 'The special verdict was as follows:
“12th. That the conduct of plaintiff on the occasion of the injury was ordinarily prudent and cautious under the circumstances, and that he did not wholly' contribute to his said injury by any fault or negligence on his part, but that said injury was caused mostly by the agent of the defendant, the driver of said car.”
In 98 Indiana, 186 to 193, the objection of the court seems to have been that it could not be decided “as a matter of law that the bare fact of backing into another train constitutes negligence.” And it was held:
‘ ‘ In our opinion, an act, not in itself wrongful and negligent, can not, in the absence of fact or circumstances giving it that character, be declared to constitute actionable negligence.”
*268 So that, upon careful analysis of Indiana authorities cited, it is found that analogy to the present case is lost. There are, however, authorities to be found in Indiana that seem to have some bearing.
In 110 Indiana, 251, Woolen v. Wire, it was held:
“Where a special verdict is demanded, instructions beyond those respecting such a verdict and usual rules concerning the credibility of witnesses are not necessary; and if unnecessary instructions are given, available error can not be predicated upon them.”
In 101 Indiana, 582, Indianapolis et al v. Bush, it was held:
“It is well settled that it is the office of a special verdict to find the facts, and not the evidence or conclusions of law. (98 Ind., 186.) And so, too, the verdict should be limited to the case as made by the pleadings, and should find all the facts proven under the issues; but it does not follow that if a special verdict should contain evidence, conclusions of law, fail to find facts proven, and find facts without the issue, a motion for a venire de novo must be sustained.
“If a special verdict includes findings of evidence, conclusions of law, and matters without the issues, such findings will be disregarded in the determination and rendition of judgment.
“If stripped óf these matters, the verdict is yet sufficient to lead to and support a judgment either way under the issues as made by the pleadings, a motion for venire de novo will be overruled. Such a motion will not be sustained except where there is some defect, uncertainty or ambiguity upon the face of the verdict, rendering it so defective that judgment can not be rendered upon it.”
In 110 Indiana, 18, L. N. A. & C. Railway Co. v. Frawley, statements by a jury in a special verdict of conclusions of law will be disregarded by the court in passing upon the facts properly found.
And in 116 Indiana, 566, Railway Company v. Buck, it was held:
“It may be conceded that there are some merely evidentiary facts found in the special verdict, and that it also embraces *269 many statements which are essentially conclusions of law. Notwithstanding all this, it seems clear to us that stripped of all these, the verdict is yet sufficient to lead up to and support the judgment, and that the motion can not be successfully urged on that account.”
The verdict in this case is not large in view of the serious injury sustained; and no argument, either in the written brief or orally, is made by counsel that the verdict is too large. Substantial justice has been done in the rendition of the verdict, and it also so presents the facts of the case that nothing remains for the court but to draw from the facts found by the jury conclusions of law, and these conclusions are:
That the plaintiff, without fault on her part, was injured by the culpable negligence of the defendant as charged in the petition, and damaged to the extent of $17,000, and is entitled to recover said amount from the defendant.
The motion for a new trial is therefore overruled, and judgment is rendered in favor of the plaintiff and against the defendant for $17,000 and her costs. Judgment is also rendered against the defendant for its costs.