# JOSEPH J. MIEHLSTEIN v. KING MARKET COMPANY, A CORPORATION.

## No. 1089.

### ERROR TO CIRCUIT COURT, FIRST CIRCUIT. HON. S. B. KEMP, JUDGE.

ARGUED NOVEMBER 8, 1918.                    DECIDED DECEMBER 2, 1918.

EDINGS, J., AND CIRCUIT JUDGES ASHFORD AND DEBOLT IN PLACE OF COKE, C. J., AND KEMP, J., DISQUALIFIED.

CONTRACTS—*officers—public policy.*

> A contract entered into by a public officer, the tendency of which is to induce such officer to become remiss in his duty to the public, is contrary to public policy and void.

SAME—*public policy.*

> Where an express contract for services is void as against public policy, neither recovery thereon nor for such services on a *quantum meruit* can be had.

#### OPINION OF THE COURT BY EDINGS, J.

This case comes before this court upon a writ of error to review a judgment entered in favor of the defendant in the circuit court. The action was one in assumpsit for

the balance claimed to be due the plaintiff by the defendant for services rendered the defendant in preparing plans and specifications for and supervising the erection of certain stalls, tables, counters and fixtures in the place of business of the defendant on Kekaulike street, Honolulu. The amended complaint contains three counts: one upon an express contract for the agreed sum of seven and a half per cent. of the total cost of the work to be done, "exclusive of the cost of plumbing, or the cost of the erection, repair, change, alteration, removal and reroofing of any building or structure, or the excavation of any cellar or lot for building purposes in connection therewith;" one upon an implied promise to pay plaintiff the reasonable value of his services; and one upon an account stated.

The case went to trial in the court below before a jury, and both parties having rested the plaintiff moved for a directed verdict for the amount claimed, which motion was denied by the court. Thereupon the defendant moved for a directed verdict upon the ground "that the contract sued upon was illegal and void as being contrary to public policy, the whole contract," which motion was granted and the jury instructed to return a verdict for the defendant.

The defendant was, in the year 1913, and prior thereto, conducting a market in Honolulu. It consisted of a corrugated iron roofed pavilion open on all sides and had a concrete floor. Sewer connections had been made and water pipes laid and connected with the existing fixtures in the market. This market was divided into stalls used by the vendors of meat, fish and vegetables. In the month of July, 1913, the unsanitary condition of this market caused the board of health to require the defendant to rectify the same. This it attempted to do by removing a few old fish barrels and other accumulated debris from the premises, which as a sanitary antidote was not a success. Thereafter the defendant employed the plaintiff,

who was at the time building and plumbing inspector of the City and County of Honolulu, to prepare plans and specifications for the remodeling of and putting the said market in a sanitary condition and to superintend the work, the price agreed upon being four and one-half per cent. of the total cost of the improvements installed and changes made for the plans and specifications, and three per cent. of said cost for his services as superintendent. In compliance with the terms of this agreement plaintiff prepared plans and specifications of the work proposed to be done. These plans were afterwards submitted to the board of health, who approved the same, and were accepted by the defendant. These plans and specifications show, and the testimony of the plaintiff discloses, that the contract was for the designing, construction and installing of slop sinks, open and closed drains, tables, meat blocks, drainage, dirt-catchers, sewer connections, underground drains and pipes in the concrete floor, the repairing of the concrete floor in places and the tearing up and rebuilding of the floor and foundation in other places in "order to carry out the sanitary idea so that it would drain properly" in addition to other work to be performed by the plaintiff, the entire scheme having for its primary object the sanitation of the market.

The defendant relies solely upon the illegality of the contract, contending that the entire contract was void as being contrary to public policy.

Ordinance No. 43 of the City and County of Honolulu, entitled "An ordinance establishing rules and regulations for the plumbing and drainage of buildings and the construction of house sewers * * *; providing for the appointment of plumbing inspectors * * * and prescribing their powers and duties," etc., provides (Sec. 1) that the board of supervisors shall appoint "a suitable person as plumbing inspector * * *, who shall not engage

in the plumbing business as a master or journeyman plumber in the City and County during his term of office;" that (Sec. 8) "Any person * * * before doing any plumbing work in any building of any description (except in cases of leaks, etc.) * * * shall file with the plumbing inspector plans and specifications which shall clearly show and indicate the entire work to be done * * *." This ordinance further provides for the manner of construction of slop sinks and the kind and size of waste pipes to be used in connection therewith and that sinks or wash trays when constructed or used in buildings used for industrial purposes may be built of certain material "as directed by the plumbing inspector," and further that all house sewer, house drain, soil, waste and vent pipes before being covered shall be tested and made water-tight, which test shall be made in the presence of the plumbing inspector. Ordinance No. 29, as amended by ordinance No. 33, provides: "Section 1. (a) No person * * * shall erect, change, repair, alter, remove or reroof any building or structure, or excavate any cellar or lot for building purposes * * * unless he * * * shall first obtain a permit for the work from the building inspector. * * * The application for such permit shall be made on a prescribed form and shall state * * * the materials to be used in the construction of the same, the dimensions and estimated cost of the same * * * the names of the owner, the architect and the builder * * * that if any frame building or structure or corrugated iron building heretofore constructed * * * shall be repaired the owner of such building shall, before the commencement of such repairs file with the building inspector a statement showing the estimated cost of such repairs." And in various other matters connected with the repair or construction of buildings it is made the official duty of the building inspector to decide questions involving the proper construc-

tion of the work, i. e., the compliance of the owner or contractor with the requirements of the ordinance.

It has long been settled that any contract or agreement entered into by an official, holding a position of the nature held by the plaintiff, with a private individual whereby he undertakes to render services, the performance of which for an outsider he was prohibited from doing, or which might be inimical to the faithful and conscientious discharge of his official duties, is inconsistent and conflicting with his obligation to the public, and is illegal even without being prohibited by statute.

"When a contract belongs to a class which is reprobated by public policy it will, as a general rule, be declared void and unenforceable, although in the particular instance no injury to the public may have resulted." 2 Elliott on Contracts, Sec. 652. And "in determining whether or not a contract is contrary to public policy the contract must be measured by its tendency and not merely by what was done to carry it out." id. Sec. 649. "The courts will unhesitatingly pronounce illegal and void, as being contrary to public policy, those contracts entered into by an officer or agent of the public which naturally tend to induce such officer or agent to become remiss in his duty to the public. Nor is it necessary for the officer or agent to bind himself to violate his duty to the public in order to bring such an agreement within the operation of the rule. Any agreement by which he places himself or is placed in a position which is inconsistent with his duty to the public and has a tendency to induce him to violate such duties, is clearly illegal and void." id. Sec. 706. Greenhood, Public Policy, p. 337, states the doctrine thus: "Any contract by one acting in a public capacity, which restricts the free exercise of a discretion vested in him for the public good, is void." In *Stropes* v. *The Board of Commissioners of Greene County,* 72 Ind. 42, in which the question involved

was of this nature, the court said: "There is neither a more wholesome nor a sounder rule of law than that which requires public officers to keep themselves in such a position as that nothing shall tempt them to swerve from the straight line of official duty. Officers ought not to be permitted to place themselves in a position in which personal interest may come into conflict with the duty which they owe to the public." "An officer's duty is to give to the public service the full benefit of a disinterested judgment and the utmost fidelity. Any agreement or understanding by which his judgment or duty conflicts with his private interest is corrupting in its tendency. The fact that the acceptance of such employment was without fraud and without prejudice to the interests of the taxpayers is immaterial." 6 R. C. L. p. 739, Sec. 144.

Clearly this contract embraced within its terms work to be done, and duties to be performed by the plaintiff which he was legally and morally disqualified to perform.

But plaintiff contends that the "bad" being separable from the "good," plaintiff is entitled to recover for the "good." This is unquestionably the law in many cases of illegal contracts, where there are several distinct and separate items each based upon a separate consideration, or where goods are sold at a separate price for each article, and some of the considerations, or the sale of some of the articles, are illegal.

In this case the services, physical, intellectual and technical, to be rendered by the plaintiff were inseverable and indivisible and all having for their sole object the sanitation of the market, and "if any part of a nonseparable contract is void for illegality or reasons of public policy, the taint extends to every part of it, and neither party can enforce any of its provisions against the other." 6 R. C. L., Sec. 214, p. 215.

The contention of plaintiff that he is entitled to recover

upon an implied contract for the reasonable value of the services rendered by him upon the valid covenants that were severable from the alleged invalid portion of the contract cannot be sustained. A recovery for the reasonable value of work done presupposes a contract. The theory upon which recoveries are allowed, when there is no express contract, is, that justice requires that courts declare that a contract exists by implication. Where there are no parties capable of contracting, or where public policy prohibits a contract, there cannot be any kind of a valid contract, either by express agreement or by implication.

The judgment appealed from is affirmed.

*E. C. Peters* for plaintiff in error.

*Harry Irwin* for defendant in error.